**FILED**

NOV 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Larry C. Washington #660661-E4-104-Lower
Movant-(Natural/Man Sentient Being Capacity),
Everglades Correctional Institution
Post Office Box 949000
Miami, Florida 33194-9000

V

ALL OF THE STATE AGENCIES IN
THE BELOW CAPTION[S];
ALL IN THEIR PRINCIPLE AGENT CAPACITY/
AGENT PRINCIPLE CAPACITY.

CASE NUMBER  1:06CV01977

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 11/__/2006

RECEIVED
EVERGLADES CI

## COMPLAINT

10/17/2006   J. Gill
DATE        INITIAL

    This action is brought pursuant to Title II of the Civil Rights Act of 1964, 78 Stat. 243, for discrimination. Also, Title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d to 2000d4a], and Section 28 CFR § 35.101 States the purpose of the rule, which is to effectuate Subtitle A of Title II of the Americans With Disabilities Act of 1990 (the Act), (42 U.S.C. 12131) Which prohibits discrimination on the basis of disability by public entities. Title II's enforcement Provision incorporates by reference § 505 of the rehabilitation Act of 1973, 92 Stat. 2982, added, 29 U.S.C. § 794a, Which authorize

Private Citizens to bring Suits for Many damages, 42 U.S.C. § 12133.

The denial of equal protection of the laws under the Fourteenth amendment to the United States Constitution of Title II 1964 Civil Rights Act. Congressional Act are within the ambit of the Federal Jurisdiction of the Court. Congress has legislated this power to the United States' District Court For The District of Columbia being ordain an Article III Court Jurisdiction to decide Cases and Controversies. The Constitution Of The United States Of America under Article III Judicial Department has given this Court the enforcement Powers of Congress under the Fourteenth Amendment of, Section [5] and the Thirteenth Amendment of, Section [2] of Title II 1964 Civil Right Act. These Continuing Violations of Criminal acts and Human Rights an Civil Rights Violation are also within the ambit of the Federal Jurisdiction of the Court to the "RICO" acts for numerous years.

And the Federal Jurisdiction of the Court to invoke under Title II's enforcement Power of 42 U.S.C. § 2000h-2. Whenever an action has been Commence in this Article III Court of the United States Seeking relief from deniel of equal Protection of the laws under the Fourteenth Amendment to the Constitution on account of race, Color, religion, Sex or national origin, The Attorney General for in the name of the United States Shall intervene in Such action upon application the Attorney General Certifies that the Case is of public importance. These Laws Of The United Or In Fact In accordance Of 44 U.S.C.A. § 1507 of Congress.

"As to Congress, it has implemented authoritys that is ordain by "The Constitution Of The United States Of America. The title for Article VI, Setion [2]. Supremacy Of National Law.. This constitution, and the laws of the United States which Shall be made in pursuant thereof, and all treaties made, or which shall be made, under the authority of the United States, Shall be the Supreme law of the land; and the Judges in every State Shall be bound thereby, anything in the Constitution or laws of any State to the Contrary notwithstanding. Congress meaning by its Powers of the.

Supremacy Clause: popular title for Article VI, Section [2] of the United States Constitution, which is the main foundation of the federal government's Power over States; providing in effect that the "acts of the Federal Government are operative as Supreme law throughout the Union."

They are "Self-exeucting", Since the prescribe rules enforceable in all Courts of the land. The "States have no 'Power' to impede, burden, or in any manner Control the 'operation' of the laws enacted by the 'Government' of the nation.....[T]he full import of the 'Supremacy Clause' was made clear after John Marshall became Chief Justice. In the Marshall interpretation, the Clause meant essentially tow things":

(1). the States may not interfere in any manner with the functioning of the 'Federal Government'; and

(B) Federal action (whether in the form of a Statute, a treaty, a "Court decision", or administrative act) if itself Constitutional, Must prevail over State action inconsistent therewith".

Also, Pre-Emption: a Judicial doctrine asserting the 'Supremacy of Federal legislation' over State legislation of the Same Subject Matter; it "rest upon the "Supremacy Clause" of the Federal Constitution, and deprives a Statute of Jurisdiction over Matters 'embraced by a Congressional act' regardless of Whether the State law Coincides with, is Complementary to, or opposes the Federal Congressional expression". When Congress legislates in an area of Federal Concern, it may Specifically 'pre-empt' all State legislation; Where Congress does not directly indicate its intention in this regard, the Court will determine that intention based on the nature and legislative history of the enactment. State legislatures May also "pre-empt" local governments in the Same Manner.

This Clearly express Gongress Power over States and how Federal Concern "pre-empt" all State Legislation, also "pre-empt" local governments as to the Same Manner. This 'Self-executing prescribe rules enforceable in all Courts of the land. That "States have no 'power' to impede, burden, or in any Manner Control the "operation" of the laws enacted by the 'Government' of the nation.....[T]he full import of the 'Supremacy Clause'. These act are Clearly Clarify-ed in 44 U.S.C.A. § 1507 by Congress.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Larry C. Washington #660661-5A-104-Lower

Everglades Correctional Institution

Post Office Box 949000

Miami, Florida 33194-9000

V.

BROWARD COUNTY SHERIFF DEPARTMENT

KEN JENNINGS, SHERIFF

201 SOUTH EAST 6TH STREET

FORT LAUDERDALE, FLORIDA 33301 ;

BROWARD COUNTY COURT HOUSE

201 SOUTHEAST 6TH STREET

FORT LAUDERDALE, FLORIDA 33301-3363

V.

CITY OF FORT LAUDERDALE POLICE DEPARTMENT

1300 WEST BROWARD BOULEVARD

FORT LAUDERDALE, FLORIDA 33312

CHIEF, V.

DEPARTMENT OF CHILDRENS AND FAMILY SERVICES

SECRETARY, LUCY HADI

EXECUTIVE OFFICE OF THE GOVERNOR

PL 01 THE CAPITOL

TALLAHASSEE, FL 32399-0001

V.

FLORIDA DEPARTMENT OF CORRECTIONS
SECRETARY, JAMES MCDONOUGH
2601 BLAIR STONE ROAD
TALLAHASSEE, FL 32399-2500
        V.

PRISON HEALTH SERVICES, INC.
105 WEST PARK DRIVE, SUITE #200
BRENTWOOD, TN 37027; Ph. 615-373-3100
PHS VICE PRESIDENT, BENJAMIN S. PURSER, JR.
        V.

EMSA CORRECTIONAL CARE, INC. (EMSA).

"It is a fact".

By violations of Provisions as to the Florida Administrative Code (FAC) of Chapter 33-210(1). In violation of this section and violate all other Sections ADA Provisions for Inmate[S].; 42 U.S.C. 33 12101-12213. And violates Specific Authority of 20.315(1),(2),(C) of Florida Statute, 944.09 F.S., 944.331 F.S.

Whereas, has violated the:

THE CODE OF THE LAWS OF THE UNITED STATE

OF AMERICA

TITLE 42 and CHAPTER 21 CIVIL RIGHTS

THE SPECIFIC AUTHORITY OF THE

FEDERAL REGISTER

PART IV

DEPARTMENT OF JUSTICE

OFFICE OF THE ATTORNEY GENERAL

28 CFR PART 35

NONDISCRIMINATION ON THE BASIS OF

DISABILITY IN STATE AND LOCAL GOVERNMENT

SERVICES; FINAL RULE, SEE:

PURPOSE-SECTIONS 35.101 ; SECTION 35.102- APPLICATION; SECTION 35.103(a),(b) -RELATIONSHIP TO OTHER LAWS ; SECTION 35.104[A],(3) has a record of such an impairment Means a history of.......physical impairment that substantially limits one or more major life activities.; SECTION 35-130- GENERAL PROHIBITIONS AGAINST DISCRIMINATION- (a),(b)(1), (i),(ii),(iii),(iv),(V),.(b)(2) Consistent with these standards, public entities are required to ensure that their actions are based on facts applicable to individuals and not on presumptions as to what a class of individuals with disabilities can or cannot do.

SECTION 35.130 (b)(7) ; SECTION 35.130(b)(8), Prohibits the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any services, program, or activity, . . . . . . . . . . . . for the provision of the service, program, or activity being offered. This prohibition is also a specific application of the general prohibitions of discrimination and is based on Section 302(b)(2)(A)(i) of the ADA. It prohibits overt denial of equal treatment of individuals with disabilities, or establishment of exclusive or segregative criteria that would bar individuals with disabilities from participation in services, benefits, or activities.

Paragraph (§35.130 (b)(8)), also prohibits policies that unnecessarily 'impose' requirement or burdens on individuals with disabilities that are not placed on others. For example, public entities may not require that a qualified individual with a disability be accompanied by an attendant. A public entity is not, however, required to provied attendant care, . . . . . . . . . . "except in special circumstances, such as 'where the individual is an inmate of a custodial or correctional institution' ".

In addition, paragraph (b)(8) prohibits the imposition of criteria that "tend to" screen out an individuals with a disability. This concept, which is derived from current regulations under Section 504 (see, e.g., 45 CFR 84.13), makes it discriminatory to 'impose' policies or criteria that, . . . . . Creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate.

SECTION 35.130 (C). Paragraph (c) provides that nothing in this part prohibit a public entity from providing benefits, Services, or advantages to individuals with disabilities, or to a particular Class of individuals with disabilities, beyond those required by this part. It is derived from a provision in the Section 504 regulations that permits programs Conducted pursuant to 'Federal Statute' or 'Executive Order' that are designed to benefit only individuals with disabilities or a given Class of individuals with disabilities to be limited to those individuals with disabilities. Section 504 ensures that federally assisted programs are made available to a individuals, without regard to disabilities, .... the 'Federal program' under which the assistance is provided is specifically limited to individuals with disabilities or a particular Class of individuals with disabilities. Because coverage under this part is not limited to 'federally assisted' programs, paragraph (c) has been revised to Clarify that 'State' and 'local governments' may provide Special benefits, beyond those required by the 'nondiscrimination requirement' of this part, that are limited to individuals with disabilities or a paticular Class of individual with disabilities, ........ or to other Classes of individuals with disabilities.

SECTION 35.130 (d), (e). Paragraphs (d) and (e), previously referred to in the discussion of paragraph (b)(1)(iv), provide that "the public entity 'must' administer Services, programs, and activities in the most integrated Setting appropriate to the needs of qualified individuals with disabilities", i.e., in a Setting

that enables individuals with disabilities to interact with nondisabled person to the fullest extent possible, and that Persons with disabilities 'Must' be provided the option of declining to accept a particular accommodation.

It is a fact:

That the 'Florida Department of Corrections' and the institution of "Everglades Correctional Institution" has allowed the "Prison Health Service, Inc., 105 West Park Drive, Suite # 200 Brentwood, TN 37027, Phone: 615-373-3100" Whom has Dr. Roger Browne and Chief Medical Officer for (PHS) under Contract for (PHS) and Under Contract for the "Florida Department of Corrections" has violated the provisions of 20.315 of Florida Statute, also Specific Authority for 944.09 F.S. to the procedures that provide a written record(s) in (or) for the event of Subsequent judicial (or) administrative review. To the inmate grievance procedure certified by the "United States Department of Justice" in pursuant to the requirements of Section 944.331, Florida Statute.

"Wherein, the 'Constitution Of The State of Florida' of Article III § 11 (a), (3), (6), (12), (20), (b). of Prohibited Special laws. Is in fact violated. And in fact "The Code of The Laws Of The United States Of America" of "Title 42 and Chapter 21 Civil Rights". The Specific Authority' Of The Federal Register Part IV, Department of Justice office of The Attorney General", 28 CFR Part 35, Nondiscrimination ON The Basis Of Disability In State And Local Government Services, Final Rule, are Violated, by a Private Incorporation under Color of law."

It is a fact:

That "Prison Health Service, Inc., have a Contract with 'Florida Department of Corrections' an has Dr. Roger Browne and the Chief Medical Officer here at "Everglades Correctional Institution" under Contract and violated 'Federal and State' laws that is a Congressional Act pass on to 'States' by the United States Legislation. These 'Federal Law' are the foundation for States and their State laws. The 'Florida Department of Corrections' has given (PHS) Dr. Roger Browne the 'Power' and 'Authority' beyond the scop of the Specific Authority of F.S. 20.315 or the Federal laws implemented by the "Secretary, of Florida Department of Corrections". The 'ultra virus' act on both the 'State Corrections' and 'Prison Health Service, Inc.', is in fact a 'Separation of Powers' by a 'Private Company Dr. Roger Browne and Chief Medical Officer and 'Aided' and Perpetuate discrimination against a qualified individual with a disability. It is a fact that both partys has violated 28 CFR Part 35, of Section 35.130 (a),(b)(1)(i)(iv)(v)(vii); (b)(3)(i)(ii)(iii); (a)(4)(i)(ii); (8)(c)(d),(e)(1),(2)(f)(g).

It is a fact:

Under the Provision of 28 CFR Part 35, of SECTION 35.134 Retaliation or Coercion of (a) and (b).

I am 'incommunicado' from my family by the schemes of the Staff of Department of Corrections with no authority under Color of law from the Court.

'It is a fact, that My Mail from my family is not given to me nor is it return to my family do know where I am at in the system.

It is a fact:

My legal research on My 'Civil Rights' Claim of ADA Violations. That My documents are taken and destroyed to thwart my intire Claim to the 'Federal Court' and to Circumvent any Chance of me to even geting a Claim in Federal Court.

It is a fact:

That the long arms of the Officers of the State of Florida have placed restraints on My family in the matter of Civil rights violation. On both aspect of APA and my Private rights. And the restraints to keep all their Jubtle Scheme conceded, of these Civil rights, of My family and me about the 'involuntary Servitude' I am under. And the 'Badges of Servitude' on My family and me. to accomplish their Scheme.

It is a fact:

The doctor(s) for 'Department of Corrections' committed 'Pseudo diagnosis' and put 'Falsified' medical diagnosis in my medical file to deny me any benefits under the 'Americans with Disabilities Act' to any medical treatment or aid, program, Services of the 'Act'.

It is a fact:

When the attorney Sent to the Ms. Martie Taylor ADA Coordinator the 'Federal Court decision of My Social Security Disability Claim of "Decision-Fully Favorable". She knew her undated Letter on this matter "that I was not disable within the meaning of law"? was now 'reductio ad absurdum' on he Statement. in he Letter.

The following documents are : IN FACT.

1. Federal Court Decision of 'Office of Hearings and Appeals' of "NOTICE OF DECISION-FULLY FAVORABLE". see doc. B#3

2. Document of 'NOTICE' from the Attorney who represented me [Larry Washington] to Mrs. Martie Taylor, about my 'Permanent disability' and 'totally disabled'. "NOTICE OF DECISION-FULLY FAVORABLE", dated August 22, 1997, as received from the 'SOCIAL SECURITY ADMINISTRATION'. 'Page two (2) of this Decision state: "The Claimant has injuries which are considered to be "Severe" under the Social Security Act and Regulation." Under "EVALUATION OF THE EVIDENCE" of "Paragraph two (2) see the two (2) blue 'asterisk' and Paragraph three (3) see the three (3) blue 'asterisk'*. Whereas, the Attorney further reiterated. "I trust that Mr. Washington's medical condition and disability are sufficient to warrant Special treatment by the 'Florida Department of Corrections' and pray that you would re-evaluate his condition in consideration of Mr. Washington's 'Complete Medical history. Mr. Washington is in constant pain and needs Special Consideration in the way of "Passes", medical treatments and medications to treat his 'debilitating medical condition'. Please ensure that he gets it!

   Please ensure that the 'Florida Department of Corrections' Complies with the "Americans With Disabilities Act" reguarding Mr. Larry Washington in light of this "new information received of Mr. Washington's Complete disability." Thank you for your Consideration of this 'very important matter'. See doc. B#2

(1)

J. As to document B-#2 From the Attorney to Ms. Martie Taylor ADA Coordinator. "I received your undated letter referencing Mr. Washington's "loss of low bunk pass and no prolonged standing pass" and researched the issue of Mr. Washington's 'Permanent disability'.

(1). Ms. Martie Taylor did not date her response to the Attorney to indicate when she responded to the matter of violations on the 'Pseudo diagnosis by a specialist in May 2000' who did not feel that these passes were appropriate 'after assessing my Medical Condition'.

(2). The passes I received came From the Doctor. Gilo at Gulf Correctional Institution Annex where I am at when she sent me to see the specialist.

(3). Ms. Martie Taylor Contradiction as she stated:

You can be assured that the department does comply with the "Americans With Disabilities Act. In fact, we have accommodated several inmates at this facility.

(4). The Attorney stated to Ms. Martie Taylor in document B-#2 that the 'Notice of Decision - Fully Favorable', dated August 22, 1997, that my condition of permanent disability which are considered to be "Severe" under the Social Security Act and Regulation. Ms. Martie Taylor Stated: Your medical profile is a level 'two (2)'. This indicates that you have some medical impairment, but it does not mean that you are disable. "WITHIN THE MEANING OF THE LAW" See doc. B-#1 and See doc. B-#5 page two (2) of MRI. asterisk *

(2)

As to document - C. There are four (4) date on this document 4/11/00, 4/13/00, 4/18/00, and 4/19/00. Ms. Martie Taylor said I was seen by a Specialist in May 2000? Here is the 'Crux' to this Matter!

(1) In April 2000. The Specialist Made a 'Pseudo diagnosis' in April 2000. A scheme between the Specialist and Dr. Gila at Gulf Correctional Institution - Main Unit, and the Gulf Annex. To under Mine Me of My 'Permanent disability' that would deny Me "Medical Passes", "Medical treatment" and "Medications" to "treat my debilitating Medical Condition." By a Private Medical Incorporation under Color of State law."

(2) When Ms. Martie Taylor received the information from Dr. Gila at Gulf Corr. Inst - Main Unit, and Gulf Annex where she is the Doctor at both Camps. Of the 'Pseudo diagnosis' in April 2000. They had no ideal that I had an Attorney who represented me in My Federal disability Claim of Social Security disability (SSD).

(3) Ms. Martie Taylor discovered this in doc. B-#2. From the Attorney which Stated: "In light of this new information received of 'Mr. Washington's Complete disability." Ms. Martie Taylor knew that the "Florida Department of Corrections" Private Medical Incorporation 'under Color of State law'. Had Violated My rights - Federal Right - under the "Americans With Disability Act". Ms. Martie Taylor knew now that her undated letter to the Attorney was "reductio ad absurdum". See doc. B-#3 page two (2) MRI.

(3)

(4) Ms. Martie Taylor letter stated I was seen by a Specialist in May 2000. The 'Pseudo diagnosis document' states four (4) different dates in April 2000. See doc. C.

(5) Give or take some four (4) months later. Ms. Martie Taylor send the Attorney a letter 'undated'? She send me [Larry Washington] one at Gulf Correctional Institution, which I received on 7/26/2000, a Wednesday. See doc. B-1.

(6) Dr. Gilo at Gulf Correctional Institution was now aware of the the Attorney response to the Matter and Ms. Martie Taylor. See doc. B-#2, and B-#3.

(7) Now Comes the Coverup. From 2000, 2001, 2002, 2003, 2004. all of my mail from my family was stoped, and my Phone was shut off. See doc. B-#2. of CC: Larry Washington, Warden Gulf Correctional Institution.

(8) In April 2004. I was transferred to Everglades Correctional Inst. Where all of my Problem started over again because the same Staff that was at Gulf Corr. Inst. is now here at Everglades Correctional Inst. Wherein, Dr. Gilo had an opportunity to inform Dr. Roger Browne that I was coming to E.C.I.. Where Dr. Roger Browne brought me before his 'Pseudo quasi-impaired Medical Board'. This is 'extremely illegal' to do on a "Federal Claim decided by a Federal Judge of 'Hearing and Appeals'. This is Known as in law.

(4)

Decision, res judicata, "is a matter ajudged"; a thing judicially acted upon or decied"; a thing or matter settled by judgment. Ruled that a "Final judgment" rendered "by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes and absolute bar to a cause of action"

And to be applicable, requires "identity" in thing sued for as well as indentity of cause of action, of person and parties to action, and of quality in persons for or against who claim is made. The "sum and substance of the whole rule is that a matter once judicially decided is finally decided'"/ Which invokes the "Collateral estoppel doctrine; Final decision rule: Issue preclusion — as to 28 U.S.C.A. § 1738.

(9) These acts of Dr. Roger Brown derision denude me of all my "Federal Right" that are guaranteed under the Americans With Disabilities Act. Due to the Federal Money that are "Federally Assisted Programs" under 42 U.S.C. § 2000d.; 42 U.S.C. § 2000d-1; 42 U.S.C. § 2000d-2; 42 U.S.C § 2000d-4.

(10) This was all done to avoid cost as to Medical care of the disable person. Which has placed me in a state of deprivation. That I have not eaten a full meal of three (3) times a day for a whole month due to Dr. Roger Browne's actions.

(5)

IT IS A FACT: That the Staff of D.O.C Committed 'Ultra Virus' under

(11) These act are violations under the rules of Conduct:

(1).33-4.002(4).No employee shall willfully or negligently treat an inmate[S] in a Crule or inhumane Manner, nor Shall Profane or abusive language be used in dealing with an inmate[S] or person[S] under his/her Supervision.

(2).33-4.002(7).To answer truthfully to their performance of his or her Official duties.

(3).33-4.002(11).No employee Shall be 'insubordinate', neglectful, or unwilling to follow lawful orders or perform officially designated duties.

(4).33-4.002(13).No employee Shall Falsify report(S)or record(S).

(5).33-4.002(19).Employee Shall not reval Confidential information in department of Corrections record(S) to unauthorized Person[S].

(6).33-4.002(20).No employee Shall knowingly Submitt inaccurate or untruthful information for or on any Department of Corrections record(S), report(S) or document(S).

(7)33-4.002(27).Employee Shall Maintain a Professional relationship with all Person(s) in the Custody or under Supervision of the department.

(6)

It is a fact:

(8). This protected my federal rights of confidentiality of my information on my medical history of the disability claim of my "Notice of Decision-Fully Favorable". Under the U.S. Health Insurance Portability and Accountability Act of 1996 HIPAA Title II Act of 1996, however, is what most people mean when they refer to HIPPA. It seeks to establish Security and Confidentiality of all health Care-related data.

(9) No information should have been given out of my files without my consent to do so on my medical condition to anyone.

(10). I am no longe twenty-eight (28) years old. I am now forty-nine (49) years old and my age has a lot to do with my injuries of 'permanent disability'. Whereas, of me not getting any treatment since I have been in the Department of Corrections.

(11). As stated in the "Notice of Decision-Fully Favorable". On page two (2) paragraph three (3) at 'asterisk' two (2)* :

    "Treatment include Physical therapy, rest, and Moist heat." This was "all discontinued when I was taken out of society nine (9) years ago." And "I have not received any 'Physical therapy' rest, and Moist heat since I have been in the Department of Corrections."

(7)

# CONCLUSION

For numerous years I have been denied all care to my 'Permanent disability' and 'debilitating medical condition.' By the Department of Corrections. And under the subtle restraints of confined to my cell of E4-104-Lower for a whole month of not eating. Sometime only a half of soup a day and I drink plenty of water to keep from dehdration. 'Also, to make it look like I am on a hunger strike." This is in violation of my religious bible principle as a 'Jehovah Witnesses". To put my life jeopardy or to take my own life is a sin in Jehovah's eyes.

The violations are on Department of Corrections for failure to care, custody, control and constitution of Florida Statute 20.315 : The Secretary of the Department of Corrections shall ensure that the programs and services of department are administered in accordance with 'State' and 'Federal laws,' rules and regulations, with establish program standards, and consistent with legislative intent. Also The Secretary shall indentify the need for and recommend funding for the secure and efficient operation of the State Correctional System. 20.315 (1).

Purpose - The purpose of the Department of Correction is to.... protect.... rehabilitate.... through.... programs, and services. The goals of the department shall be :

(2) Legislative Intent.

(c) The department develop a comprehensive program for the treat of.... special needs.... to the department, including .... disable offenders.

(8)

It is a fact:

By violation of: Specific Authority 20.315, 944.09 F.S. Law Implemented 944.09 F.S. and Section 944.331, Florida Statutes to the Florida Administrative Code (FAC). of:

(1). 33-4.002(25). Every employee has the responsibility to protect and safeguard Department of Corrections property and the person(s) and property of inmate(s)...,.

(2). 33-103.002. Inmate Grievances Terminology and Definitions; 33-103.002(3) Emergency Grievance:

Grievance of those matters which, "if disposed of according to the regular time frame, would subject the inmate to substantial risk of personal injury or cause other 'serious' and 'irreparable harm' to the inmate".

'Also, 33-103.015 (3). Inmate Grievance Miscellaneous Provisions:

33-103.015(3). The Warden ... is authorized ... to receive, review, and investigate any grievance of an institutional nature... ...to grant and implement relief as approved by the Warden... as to grievances involving, "Medical grievances, grievances alleging violation of the Americans With Disabilities Act, grievances of an emergency nature, grievances of reprisal or grievances of a sensitive nature that are filed directly with the Warden. For grievances filed directly with the Warden, the decision to approve, return, ... the grievance shall be made by the Warden ... reviewing authority. See Emergency Informal Grievance dated 9/17/2006.

(9)

It is a fact:

When I was arrested I could not bring any 'auxiliary aid' with me to the county jail due to the fact the arresting officers view my walking cane as a 'weapon'. Also, I was told the jail would issue me one? This is why I have been "incommunicado". When I last spoke to my family member I was told that I was written to at Gulf Corr. Inst.—Mainunit—and Gulf Annex. This is why I was transferred from Gulf Corr. Inst—Annex to Everglades Correctional Institution. And to file a Federal Civil Claim of my Civil Rights violation under the "Americans With Disabilities Act" violation of 42 U.S.C 1969 Civil Rights Act of Title II. Invokes the U.S. Dept. of Justice, Federal Bureau of Investigation and the U.S. Marshal to find and serve 'Federal Subpoena' issued by the Federal Court.

The reason the Sec. James McDonough is examining the medical contract[s] I with Dept. of Corrections are due to the numerous cases of Illegal Medical Contract. The Commission of Corrections has tentatively ruled that New York's $300.Million Contract with Prison Health Services (PHS) is illegal. Under New York law, profit making corporate medical providers are required to be controlled by doctors. The reasoning "is that business decisions will ultimately be tempered by 'Medical wisdom'." PHS violates this policy. To secure the Rikers Contract PHS set up a professional Corporation "that is controlled by a doctor but is owned by PHS. All doctors employed at Rikers work for the PHS. SubContractor. This is why Dr. Roger Browne can do what he does in Medical! According to Chapter 33-103.007 (6)(a) 1,3 (b). To the Office of the Secretary in a sealed envelope by procedure 33-103.006 (8)(d).

(10)                    /s/ Paul Terry Washington 10/10/2006.

## CERTIFICATE OF SERVICE

Petitioner requesting Complaint to be Served on the following Investigative agencies. U.S. District Court For The District Of Columbia, and U.S. Clerk, of District Court For The District Of Columbia. And a Copy Shall be Served on each Investigative agency of this Complaint, in its entirety and exhibits.

Thomas F. Hogan, Chief Judge
U.S. District Court For The District of Columbia
U.S. Courthouse, 333 Constitution Avenue. NW.
Washington, D.C. 20001.

Nancy Mayer Whittington, Clerk
U.S. District Court For The District of Columbia
U.S. Courthouse, 333 Constitution Avenue. NW
Washington, D.C. 20001.

Mark R. Vukelich, Chief Civil Rights Unit Criminal Investigative Division, U.S. Department Of Justice, Federal Bureau of Investigation, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

Assistant Attorney General
Justice Department, Civil Rights, Main Justice Bldg.
Washington, D.C. 20530

Secretary
Department of Agriculture, 14th and Independence Ave SW, Washington, D.C. 20250

Secretary
Department of Health and Human Services
200 Independence Avenue, SW
Washington, D.C. 20201.

Health and Human Services Department, Civil Rights
330 Independence Avenue, SW
Washington, D.C. 20201.

U.S. Department of Justice, Civil Rights Division,
Disability Rights Section, 950 Pennsylvania Avenue, NW.
Washington, D.C. 20530
Mary Lou Mobley, Acting Deputy Chief, Disability Rights
Section.

Americans With Disabilities Act Complaints.
U.S. Department of Justice, Disability Rights Section
Post Office Box 66738, Washington, D.C. 20035-6738

F.B.I. Field Office.
16320 N.W. 2d Avenue
North Miami, FL 33169-6508

/s/ Larry C. Washington   10/17/2006
Larry C. Washington - 660661-E4-104-L
Everglades Correctional Institution
Post Office Box 949000
Miami, FL 33194-9000

STATE OF FLORIDA          )
                          )ss
COUNTY OF __DADE__        )

    Before me, the undersigned authority, this day personally appeared __Larry C. Washington__

who is first being duly sworn, says that he is the __Affiant_____, in the above styled

cause, that he has read the foregoing document, and has personal knowledge of the facts and

matters therein set forth and alleged; and that each and all of these matters therein set forth and

alleged; and that each and all of these facts and matters are true and correct.

                                   _Larry C. Washington_  10/17/2006

Affiant: Larry C. Washington# 660661
        Dorm: E4-104-Lower
        Everglades Correctional Inst.
        P.O. Box 949000
        Miami, FL 33194-9000

STATE OF FLORIDA          )
                          )ss
COUNTY OF __DADE__        )

    The foregoing instrument was acknowledge before me this __17__ day of __October__,
2006, by __Larry C. Washington_____ who is personally known to me or who has
produced a Department of corrections I.D. as identification and who did take an oath.

William G. Bernard
Commission #DD272104
Expires: Dec 03, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

_____          _____
MY COMMISSION EXPIRES              NOTARY OF FLORIDA

A:\ NOTARY CERTIFICATE GENERAL. doc

EXHIBITS

## EVERGLADES CORRECTIONAL INSTITUTION
## PHOTOCOPY REQUEST FORM

Inmate Account Withdrawal for Legal Photocopies

Inmate's Name ___DOMBROWSKI, PAUL___

D.C.#. Number ___144591___          Housing Area ___B-2-235s___

Documents to be copied ___Sent. Transcripts for Motion___

_____

_____

Purpose of photocopies ___Legal Court___

_____

_____

Number of original pages ___15___          Copies per page ___2___

Total amount of pages ___30___          X S 0.15 per page = S ___3.25___
                                                              4.50

MY SIGNATURE ACKNOWLEDGES THAT I HAVE RECEIVED MY COPIES.

I understand that the Busness Office will withdraw from my account the amount indicated above for photocopies. If I am indigent at the time of signing this document, I understand that the Business Office will place a hold on my account for cast of the copies as indicated above. I understand that the cost of copies is a debt owed by me and is to be collected as per chapter 33-602.405 (3)..

INMATE'S SIGNATURE _____          DATE ___3-17-02___

Librarains Signature _____          Date ___3/13/02___



**FLORIDA**
**DEPARTMENT of**
**CORRECTIONS**

Governor
**JEB BUSH**

Secretary
**MICHAEL W. MOORE**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

Mr. Larry Washington
DC#660661
Gulf Correctional Institution

Dear Mr. Washington:

I received your letter regarding the loss of your low bunk pass and no prolonged standing pass. You were seen by a specialist in May 2000 who did not feel that these passes were appropriate after assessing your medical condition.

Issuance of these passes at another institution or a reception center does not guarantee that they will be issued at another institution. The institution's doctor will make that determination, or they will send the inmate to an outside specialist, as was done for you.

You can be assured that the department does comply with the Americans with Disabilities Act. In fact, we have accommodated several inmates at this facility. Your medical profile is a level two. This indicates that you have some medical impairment, but it does not mean that you are disabled, within the meaning of the law.

I hope this addresses your concerns.

*Martie Taylor*
Martie Taylor
ADA Coordinator

MFT/mtt

Cc: Joseph J. Pappacoda, Esquire

06 1977

**FILED**

NOV 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*L.C.W.*
Recived on: 7/26/2000 Wed

B-1

# JOSEPH J. PAPPACODA

Attorney and Counselor at Law
Florida, Colorado and Washington, D.C.

July 27, 2000

Florida Department of Corrections
Ms. Martie Taylor
2601 Blair Stone Road
Tallahassee, Florida 32399-2500

RE: Larry Washington DC #660661

Dear Ms. Taylor:

   I received your undated letter referencing Mr. Washington's "loss of low bunk pass and no prolonged standing pass" and researched the issue of Mr. Washington's permanent disability.

   Mr. Washington is permanently and totally disabled and his family presently receive disability payments based upon the same, because he is in prison. I have enclosed Mr. Washington's Notice of Decision, Fully Favorable, dated August 22, 1997, as received from the Social Security Administration. Page two (2) of this Decision states: "The Claimant has degenerative disc disease of the lumbar spine with multiple herniated discs, chronic low back pain, muscle spasms, radiculopathy down the lower extremities and decreased muscle strength, which are considered to be "severe" under the Social Security Act and Regulation." I trust that Mr. Washington's medical condition and disability are sufficient to warrant special treatment by the Florida Department of Corrections and pray that you would re-evaluate his conditions in consideration of Mr. Washington's complete medical history. Mr. Washington is in constant pain and needs special consideration in the way of "passes", medical treatments and medications to treat his debilitating medical condition. Please ensure that he gets it!

   Please ensure that the Florida Department of Corrections complies with the Americans with Disabilities Act regarding Mr. Larry Washington in light of this new information received of Mr. Washington's complete disability. Thank you for your consideration of this very important matter.

Sincerely,

JOSEPH J. PAPPACODA, ESQUIRE
Florida Bar Number: 883018

cc:   Larry Washington
      Warden Gulf Correctional Institute

B-2

**SOCIAL SECURITY ADMINISTRATION**

**Refer to: 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**

Office of Hearings and Appeals
200 E. Las Olas Blvd, Ste 1550
Ft. Lauderdale, FL 33301
Telephone: 954-356-7385
Date:

AUG 2 2 1997

LARRY C WASHINGTON
1029 SW HIMMARSHEE ST.
FT LAUDERDALE, FL 33311

## NOTICE OF DECISION — FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this
notice and the decision carefully.

**This Decision Is Fully Favorable To You**

Another office will process the decision and send you a letter
about your benefits. Your local Social Security office or
another office may first ask you for more information. If you
do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even
though you do not ask it to do so. To do that, the Council
must mail you a notice about its review within 60 days from the
date shown above. Review at the Council's own motion could
make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if
you disagree with it for any reason, you may file an appeal
with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request the
Appeals Council to review the decision. You must make the
request in writing. You may use our Request for Review form,
HA-520, or write a letter.

See Next Page



**CLAIMANT**

B-3

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255. Please put the Social Security number shown above on any appeal you file.

## Time To File An Appeal

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

## Time To Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

## How An Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404, Subpart J.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulations exists. Section 404.970 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

## If No Appeal And No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**CLAIMANT**

**If You Have Any Questions**

If you have any questions, you may call, write or visit any
Social Security office.  If you visit an office, please bring
this notice and decision with you.  The telephone number of the
local office that serves your area is 800-772-1213.  Its
address is 2201 W. SAMPLE ROAD, STE 4A, POMPANO BEACH, FL
33073.


                                    JEROME E. LOWEN
                                    Administrative Law Judge


Enclosures

cc:  JOSEPH J PAPPACODA
     400 SE 6th St.
     FT LAUDERDALE, FL  33301


**CLAIMANT**

**DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Social Security Administration
OFFICE OF HEARINGS AND APPEALS**

## ORDER OF ADMINISTRATIVE LAW JUDGE

<u>IN THE CASE OF</u>

<u>CLAIM FOR</u>

LARRY C. WASHINGTON
(Claimant)

A PERIOD OF DISABILITY AND
DISABILITY INSURANCE BENEFITS

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
(Social Security Number)

(Wage Earner)

I approve the fee agreement between the claimant and his or her
representative subject to the condition that the claim results in
past-due benefits.

My determination is limited to whether the fee agreement meets
the statutory conditions for approval and is not otherwise
excepted.  I neither approve nor disapprove any other aspect of
the fee agreement.

Jerome E. Lowen
Administrative Law Judge

AUG 2 2 1997
Date

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**

**CLAIM FOR**

LARRY C WASHINGTON
(Claimant)

Period of Disability and
Disability Insurance Benefits

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
(Social Security Number)

(Wage Earner)

## PROCEDURAL HISTORY

This case is before the Administrative Law Judge upon remand by
the Appeals Council. By order dated June 5, 1996, the Appeals
Council vacated the Administrative Law Judge's decision dated
June 10, 1995, and remanded the case to the undersigned
Administrative Law Judge for further proceedings. After proper
notice, a hearing was held on August 12, 1996, in Ft Lauderdale,
Fl. The claimant personally appeared and testified, represented
by Joseph J. Pappacoda, Attorney at Law. Also testifying was
Cenniel Washington, the claimant's brother.

The claimant previously filed an application for a period of
disability and disability insurance benefits on November 9, 1989,
which was denied initially on December 21, 1989. The current
application was filed on May 22, 1991. The December 21, 1989
determination is reopened and revised pursuant to 20 CFR
404.989(a)(1).

**CLAIMANT**

LARRY C WASHINGTON
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

2

## ISSUES

The issues in this case are whether the claimant is under a disability as defined by the Social Security Act and if so, when his disability commenced, the duration of the disability, and whether the insured status requirements of the Act are met for the purpose of entitlement to a period of disability and disability insurance benefits.

## EVALUATION OF THE EVIDENCE

After a thorough evaluation of the entire record, it is concluded that the claimant has been disabled since September 19, 1986, and met the insured status requirements of the Social Security Act on that date and thereafter, through December 31, 1991.  The claimant was 29 years old on the date his disability began and has an 11th grade education.  The claimant has not engaged in any substantial gainful activity since the disability onset date.

The claimant has degenerative disc disease of the lumbar spine with multiple herniated discs, chronic low back pain, muscle spasm, radiculopathy down the lower extremities and decreased muscle strength, which are considered to be "severe" under the Social Security Act and Regulation. These impairments prevent the claimant from sustained lifting, sitting, standing or walking.  However, these impairments, individually or in combination, are not shown by medical evidence to meet or equal the requirements for any impairment in the Secretary's Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4.

The claimant was treated by Dr. Ronald Wellikoff, chiropractor, from December 17, 1986 to November 30, 1987, for injuries sustained to his back and legs, in a work-related accident.  Treatment included physical therapy, rest, and moist heat.  It was noted that sitting or standing increased the pain significantly. An MRI of the lumbar spine showed posterior central and right side extrusion of the L5-S1 disc with bilateral bulging and facet joint hypertrophy, and advanced disc desiccation; posterior central herniation of L4-5 with bilateral facet joint hypertrophy; mild to moderate disc bulging at L2-3 and L3-4 with hypertrophy (Exhibit 31, pages 17-18).  It was noted on October 22, 1987, that the claimant had constant low back pain, radiating down the lower extremities (Exhibit 31, pages 5-6).

**CLAIMANT**

LARRY C WASHINGTON
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

3

Other examinations of record by Dr. Michael A. Abrahams (May 8,
1991, Exhibit 17), Dr. Amos Stoll (July 18, 1991, Exhibit 18),
and the consultative exam by Dr. Grafton Sieber (April 5, 1995,
Exhibit 20), found mild to moderate lumbar tenderness, positive
straight leg raising test, and markedly restricted range of
motion of the spine in all directions.  The examination performed
on April 5, 1995, by Dr. Sieber, found increasing numbness into
the lower extremities. The claimant's gait was guarded due to
pain and was not able to perform heel/toe walking.  Straight leg
raising test was positive and there was marked increased pain
with range of motion of the spine.  An assessment of the
claimant's physical abilities to perform work related activities,
revealed that the claimant was rated able to sit/stand or walk
intermittently during the day for 15-30 minutes at a time, with
significant postural limitations including climbing, balancing,
stooping, or crawling.

A consultative exam was performed on September 11, 1996, by Dr.
James R. Milne, orthopedist.  The claimant's chief complaint
continued to be low back pain radiating down the lower
extremities. X-rays of the lumbar spine performed during the
evaluation demonstrated "pars defect of the L5 vertebra with
degenerative disc disease affecting the L5-S1 junction most
severely throughout the lumbar spine" (Exhibit 32).  Muscle
strength testing of the lower extremities was 3/5 bilaterally.
Palpation of the lumbar spine revealed myofascial tenderness with
evidence of muscle spasm throughout the paravertebral
musculature.  Straight leg raising test was positive,
bilaterally. The clinical impression was history of multiple
herniated discs of the lumbar spine; chronic low back pain with
radiculopathy; myositis; and degenerative disc disease of the
lumbar spine (Exhibit 23, page 2).  An assessment of the
claimant's physical abilities to perform work-related activities
was completed on September 11, 1996.  The claimant was rated able
to lift no more than 15 pounds on a limited basis; stand/walk
without interruption for 30 minutes, 2 hours total; and sit for 1
hour without interruption, 4 hours total (Exhibit 32).

At the hearing the claimant testified that he is presently
receiving supplemental security income benefits.  He also
testified that he received a worker's compensation settlement of
$20,000. The claimant stated that his chief problems are
herniated discs of the lumbar spine, with pain radiating to the
legs and chest, and muscle spasm; neck and shoulder pain;

**CLAIMANT**

BARRY C WASHINGTON
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

4

shortness of breath; and severe headaches.  He rated the pain in
his legs as a 5-6, on a scale from 1 to 10.  His overall pain was
rated as a 6 1/2.  The claimant indicated that he lays down
frequently to ease the pain.

The claimant's description of his limitations is consistent with
the record when considered in its entirety.  The objective
medical evidence, particularly the evaluations and assessments
from Dr. Grafton Sieber and Dr. James R. Milne, establishes that
the claimant has the residual functional capacity to perform less
than the full range of sedentary work.  The claimant cannot
perform his past relevant work as a construction worker, security
guard and janitor, and does not have transferable skills to
perform other work within his residual functional capacity.

The undersigned considered the opinions of the State agency
medical consultants who provided residual functional capacity
assessments at the initial and reconsideration levels.  While
these opinions were reasonable, based on the evidence available
at the time, additional evidence received into the record at the
hearing level convinces the undersigned that the claimant was
more limited than originally thought.  Social Security Ruling 96-
6p.

Once a claimant has established that he cannot perform his past
relevant work because of his impairments, the burden shifts to
the Commissioner to show that there are other jobs existing in
significant numbers in the national economy which he can perform,
consistent with his medically determinable impairments,
functional limitations, age, education and work experience.

Given the claimant's residual functional capacity for less than
the full range of sedentary work, and the vocational factors of
his age, education and past relevant work experience, there are
no jobs existing in significant numbers that the claimant is
capable of performing.  Considering Section 201.00(h) of the
Medical-Vocational Guidelines, the undersigned concludes that the
claimant is under a disability as defined by the Social Security
Act and Regulations.

The claimant's prior application is reopened, pursuant to 20 CFR
404.989(a)(1).  Benefits will be payable based on the claimant's
Title II application for disability insurance benefits filed on
November 9, 1989.


**CLAIMANT**

LARRY C WASHINGTON
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

5

## FINDINGS

After consideration of the entire record, the Administrative Law
Judge makes the following findings:

1. The claimant met the insured status requirements of the Act
   on September 19, 1986.  The claimant has not performed any
   substantial gainful activity since September 19, 1986.

2. The claimant's impairments which are considered to be
   "severe" under the Social Security Act are degenerative disc
   disease of the lumbar spine, with multiple herniated discs,
   chronic low back pain, muscle spasm, radiculopathy down the
   lower extremities, and decreased muscle strength.

3. The claimant's impairments do not meet or equal in severity
   the appropriate medical findings contained in 20 CFR Part
   404, Appendix 1 to Subpart P (Listing of Impairments).

4. The claimant's allegations are found to be credible, as the
   medical evidence supports his testimony regarding pain and
   limitations.

5. The claimant's impairments prevent him from sustained
   lifting, sitting, standing or walking.

6. The claimant is unable to perform his past relevant work as
   construction worker, security guard, and janitor.

7. The claimant was 29 years old on the date disability began,
   which is defined as a younger individual.  The claimant has
   a limited education.

8. The claimant does not have transferable skills to perform
   other work within his physical and mental residual
   functional capacity.

9. Based upon the claimant's residual functional capacity, and
   vocational factors, there are no jobs existing in
   significant numbers which he can perform.  This finding is
   based upon Section 201.00(h) of the Medical-Vocational
   Guidelines, 20 CFR Part 404, Appendix 2 to Subpart P.

10. The claimant has been under a disability as defined by the
    Social Security Act and Regulations since September 19,
    1986.

**CLAIMANT**

LARRY C WASHINGTON
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

6

## DECISION

Based on the Title II application filed on November 9, 1989, the claimant is entitled to a period of disability beginning on September 19, 1986, and to disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, and the claimant's disability has continued through at least the date of this decision.

The record revealed that the claimant was awarded worker's compensation benefits. The undersigned directs that the appropriate component undertake any necessary development to determine if the offset provisions of 20 CFR 404.408 are applicable.

_____
JEROME E. LOWEN
Administrative Law Judge

AUG 2 2 1997
_____
Date

**CLAIMANT**

# Social Security Administration
# Retirement, Survivors, and Disability Insurance
Important Information

Office of Disability and
International Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241
Date: October 25, 1997
Claim: 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 HA

Joseph J Pappacoda
Attorney at Law
400 SE 6 St
Ft Lauderdale FL   33301

We are enclosing a copy of a letter we are sending to Larry C
Washington.  If you have any questions, please call us at the
telephone number shown.

B-4

# Social Security Administration
# Retirement, Survivors, and Disability Insurance
Notice of Award

Office of Disability and
International Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241
Date: October 25, 1997
Claim Number: 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 HA

LARRY C WASHINGTON
1029 SW HIMMARSHEE ST
FT LAUDERDALE, FL   33312

We are writing to let you know that you are entitled to monthly
disability benefits from Social Security beginning
November 1988.

**What We Will Pay**

We are paying you beginning October 1997.

- You will receive $367.20, which is the money you are due
  for October 1997.

- After that, you will receive $411.00 each month.

We are holding your Social Security benefits for November 1988
through September 1997.  We may have to reduce these benefits
if you received Supplemental Security Income (SSI) for this
period.  We will not reduce your past-due benefits if you did
not get SSI benefits for those months.

However, we will withhold part of any past-due benefits to pay
your lawyer.  Later in this letter, we will tell you more about
the money we are withholding to pay your lawyer.

When we decide how much you are due for this period, we will
send you another letter.

**Your Benefits**

The following chart shows your benefit amount(s) before any
deductions or rounding.  The amount you actually receive may
differ from your full benefit amount.  When we figure how much
to pay you, we must deduct certain amounts, such as Medicare
premiums and workers' compensation offset.  We must also round
down to the nearest dollar.

| Beginning Date | Benefit Amount | Reason |
|---|---|---|
| November 1988 | $   333.70 | Entitlement began |

SEE NEXT PAGE

| December | 1988 | $ | 347.00 | Cost-of-living adjustment |
| December | 1989 | $ | 363.30 | Cost-of-living adjustment |
| December | 1990 | $ | 382.90 | Cost-of-living adjustment |
| December | 1991 | $ | 397.00 | Cost-of-living adjustment |
| December | 1992 | $ | 408.90 | Cost-of-living adjustment |
| December | 1993 | $ | 419.50 | Cost-of-living adjustment |
| December | 1994 | $ | 431.20 | Cost-of-living adjustment |
| December | 1995 | $ | 442.40 | Cost-of-living adjustment |
| December | 1996 | $ | 455.20 | Cost-of-living adjustment |

## The Date You Became Disabled

Your benefit payments can begin no earlier than one year before
the month in which your claim was filed. Although it has been
established that your disability began on September 19, 1986,
your first month of entitlement to benefits is November 1988
because the Administrative Law Judge made his decision based on
the claim you filed on November 09, 1989.

## Information About Medicare

You are entitled to hospital insurance under Medicare beginning
November 1990.

You are entitled to medical insurance under Medicare beginning
October 1997.

We charge a monthly premium for your medical insurance. The
rates are shown below:

|   | Amount | Beginning Date |
|---|--------|----------------|
| $ | 43.80  | October 1997   |

We are taking medical insurance premiums due through
November 1997 out of the check you will receive around
November 3, 1997. These premiums total $87.60. We will deduct
medical insurance premiums 1 month in advance.

We will send your Medicare card in about 4 weeks. You should
take this card with you when you need medical care. If you
need medical care before you receive the card, use this letter
as proof that you are covered by Medicare.

We did not give you earlier medical insurance because we did
not process it timely. If you want to have these benefits
earlier, you can choose medical insurance benefits beginning
November 1990. If you want this benefit to start earlier, you
must do the following things within 30 days after the date of
this notice:

- tell us in writing that you want medical insurance benefits
  beginning November 1990;

**SEE NEXT PAGE**

- pay us $3,187.40. (this covers premiums due from November 1990 through September 1997); or,

- tell us we can withhold this amount from the check.

If you want the benefits beginning November 1990 but find it hard to pay the premium amount in a lump sum, ask us about other ways to pay the money.

**Information About Lawyer's or Representative's Fees**

We have approved the fee agreement between you and your lawyer.

**How to Ask Us to Review the Fee**

You, your lawyer or the person who decided your case can ask us to review the amount of the fee we say your lawyer can charge.

If you think the amount of the fee is too high, write us within 15 days from the day you get this letter. Tell us that you disagree with the amount of the fee and give your reasons. Send your request to this address:

> Social Security Administration
> Office of Hearings and Appeals
> Attorney Fee Branch
> 5107 Leesburg Pike
> Falls Church, Virginia 22041-3255

Your lawyer also has 15 days to write us if he or she thinks the amount of the fee is too low. If we withheld past-due benefits to pay your lawyer's fee, we will not pay the fee until 15 days pass and no one asks us to review the amount of the fee.

If we do not hear from you or your lawyer, we will assume you both agree with the amount of the fee shown.

**Information About Past-Due Benefits To Pay A Lawyer**

Your past-due Social Security benefits are $42,696.00 for November 1988 through August 1997. Because of the law, we usually withhold 25 percent of the total past-due benefits to pay an approved lawyer's fee. We withheld $10,674.00 from your past-due benefits to pay your lawyer. If we are not asked to review the amount of the fee, we will pay your lawyer $4,000.00 from the benefits we withheld.

**SEE NEXT PAGE**

## The Basis For Our Decision

Based on the information given to us, you were born on
July 16, 1957.

## Other Social Security Benefits

The benefits described in this letter are the only ones you can
receive from Social Security.  If you think that you might
qualify for another kind of Social Security benefit in the
future, you will have to file another application.

## Your Responsibilities

The decisions we made on your claim are based on information
you gave us.  If this information changes, it could affect your
benefits.  For this reason, it is important that you report
changes to us right away.  We have enclosed a pamphlet, "When
You Get Social Security Disability Benefits... What You Need To
Know."  It will tell you what must be reported and how to
report.  Be sure to read the parts of the pamphlet which
explain what to do if you go to work or if your health
improves.

## Things To Remember

Doctors and other trained staff decided that you are disabled
under our rules.  But, this decision must be reviewed at least
once every 3 years.  We will send you a letter before we start
the review.  Based on that review, your benefits will continue
if you are still disabled, but will end if you are no longer
disabled.

## Do You Disagree With The Decision?

If you disagree with the decision, you have the right to
appeal.  A person who did not make the first decision will
decide your case.  We will correct any mistakes.  We will
review those parts of the decision which you believe are wrong
and will look at any new facts you have.  We may also review
those parts which you believe are correct and may make them
unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you receive this letter.

- You must have a good reason if you wait more than 60 days
  to ask for an appeal.

- You have to ask for an appeal in writing.  We will ask you
  to sign a form SSA-561-U2, called "Request for
  Reconsideration".  Contact one of our offices if you want
  help.

**SEE NEXT PAGE**

**If You Have Any Questions**

If you have any questions, you may call us toll-free at
1-800-772-1213, or call your local Social Security office at
1-954-356-6905. We can answer most questions over the phone.
You can also write or visit any Social Security office. The
office that serves your area is located at:

>        SSA SOCIAL SECURITY
>        299 BROWARD BLVD
>        FORT LAUDERDALE,FL 33301

If you do call or visit an office, please have this letter with
you. It will help us answer your questions. Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.

We are sending a copy of this letter to your lawyer and the
administrative law judge.

*Janice L. Warden*

Janice L. Warden
Deputy Commissioner
 for Operations

Enclosure(s):
     SSA Pub No 05-10153

## CONSULTANT'S REPORT

**NO PROCEDURE(S) MAY BE PERFORMED WITHOUT PRIOR APPROVAL BY THE REGIONAL HEALTH SERVICES DIRECTOR, DEPARTMENT OF CORRECTIONS.**

Mr. Washington describes having had back pain and now neck pain and right shoulder pain since he has been 28. This is a patient that is 42. He states that he cannot walk without shuffling. He cannot get up on his toes or his heels. The patient demonstrates tenderness without any associated involuntary muscle spasm in his neck and low back. He has no problem with regards to strength in his upper extremity. On the other hand his lower extremity he demonstrates features of proximal lower extremity weakness which is not felt to be valid. He has pain on straight leg raising which is not relieved with the leg bent. Further hip flexion with the knee bent induces increasing pain in his back. The patient has positive Hoover sign bilaterally. There is no objective evidence of impairment such as reflex change, alteration in tone or atrophy.

I am aware of the results of the x-rays revealing some degenerative arthritis. The patient's complaints however, reflect an exaggeration of any kind of pain that may be related to the arthritic process. I do not think that anything further is necessary.

**IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE OF THE DATE OR TIME OF ANY APPOINTMENT OUTSIDE THE INSTITUTION.**

MG:svj     D: 4-11-00     T: 4-13-00

M. Greer, M.D.
Consultant Signature/Stamp

Inmate Name WASHINGTON-LARRY
DC# 660661     R/S  B/M          Reference: HSB 15.01.04
Date of Birth 7/16/57
Institution

CONSULTATION REQUEST     ADDITIONAL SHEET IF NECESSARY

**To:**   Chris Pare, Health Service Administrator

**Fax #:**  831-5573

**Re:**   Larry Washington, 6B-2-10

**Date:**  June 7, 1999

**Pages:**  11, including this cover sheet.

**FACSIMILE**

Dear Mr. Pare:

      Pursuant to our conversation earlier today, I have attached the Disability Determination for Larry Washington for your perusal.

      Mr. Washington has requested the following from BSO in light of his disability:

      1.     Double Mattress Pass. (Mr Washington had a double mattress pass which was taken away several months ago);

      2.     Sweatshirt Pass. (Mr Washington is cold which aggravates the pain associated with his disability);

      3.     Mr Washington cannot walk handcuffed upstairs without extreme pain. (Please either arrange to have him transported to court via an elevator or take hand cuffs off so that he can better walk upstairs.)

      Mr Washington has instructed me to file a civil rights action against BSO related to these perceived deprivations. I told him that I would contact BSO and make one last effort to resolve this dispute on his behalf.

      Thank you for your consideration of these very important matters. Please evaluate these requests and call me back with your decisions related thereto.

Sincerely,

JOSEPH J. PAPPACODA, ESQUIRE
Florida Bar Number:  883018

cc:    Elijah Williams, Esquire
       Larry Washington, 6B-2-10

From the desk of...

**JOSEPH J. PAPPACODA, ESQUIRE**
400 Southeast 6th Street
Fort Lauderdale, Florida 33301
FL #883018; CO #23649; DC #439225

(954) 522-6659  Office
Fax: (954) 522-6698

B-5

```
                 FLORIDA DEPARTMENT OF CORRECTIONS        10/12/06
     IIS0885                  INMATE NOTICE
                 FOR MONTH OF: SEPTEMBER,2006


INMATE NAME: WASHINGTON, LARRY                  DC NUMBER: 660661
FACILITY: EVERGLADES C.I.              HOUSING ASSIGNMENT: E4104L
                                              MAIL-BOX:

CLASSIFICATION TEAM: 02  HBD01 D. HAWLEY


   THE INFORMATION CONTAINED IN THIS NOTICE IS PROVIDED FOR INFORMATION PURPOSES
   ONLY AND IS SUBJECT TO CHANGE AT ANY TIME.  GRIEVANCES RELATED TO THIS GAIN
   TIME AWARD SHALL BE FILED PURSUANT TO THE FORMAL GRIEVANCE PROCESS NO LATER
   THAN THE END OF THIS CALENDAR MONTH.


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*                                                                 *
*  ASSIGNMENT PERFORMANCE:        ABOVE SATISFACTORY              *
*    REASON (UNSATIS. OR ABOVE): CONDUCT IN PGM/WORK ASSIGNMENT   *
*    EVALUATED BY:               EVERGLADES C.I.                  *
*                                                                 *
*  SECURITY EVALUATION:           ABOVE SATISFACTORY              *
*    REASON (UNSATIS. OR ABOVE): MAINTENANCE OF LIVING QUARTERS   *
*    EVALUATED BY:               EVERGLADES C.I.                  *
*                                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*                                                                 *
*                                                        DAYS     *
*                                                        --       *
*  INCENTIVE GAIN TIME AWARD RECOMMENDED:                20       *
*    ENHANCED GAIN TIME AWARD RECOMMENDED:               NA       *
*    STP GAIN TIME AWARD RECOMMENDED:                    10       *
*    VCC GAIN TIME AWARD RECOMMENDED:                    NA       *
*                                                                 *
*  MODIFICATION OF INCENT: (MITIGATED)  WORK/PROGRAM STABILITY    *
*                                                                 *
*  OTHER GAIN TIME AWARD RECOMMENDED:                             *
*    WORK GAIN TIME AWARD RECOMMENDED:                   NA       *
*    EXTRA TIME AWARD RECOMMENDED:                       NA       *
*    CONST TIME AWARD RECOMMENDED:                       NA       *
*                                                                 *
*    THE ABOVE AWARDS MAY NOT APPLY TO ANY OR ALL COMMITMENTS BASED *
*    UPON SENTENCING PROVISIONS AND/OR DISCIPLINARY ACTION.       *
*                                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


CURRENT TENTATIVE RELEASE DATE: 09/17/2060
```

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

## INMATE REQUEST

(Instructions on Back)

RECEIVED
MAY 6 2004

Mail Number: _____
Team Number: #1
Institution: E.C.I.

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☑ Medical  ☐ Dental | ☐ Other  CHIEF HEALTH OFFICER |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Larry Washington | DC Number<br>660661 | Quarters<br>Low<br>G3-112 | Job Assignment<br>Houseman | Date<br>5-3-04 |
|---|---|---|---|---|---|

## REQUEST

First of all I am disabled, and I am having difficulty getting to and from G-Dormitory to either "kitchen" or "Medical". It takes me (30 mins) or more to get to "kitchen", then (30) or more mins. to get back to G-Dorm.

However I am interrupting Normal operations that go on during the daily movement of all inmates during (10 min. movement). Officials are complaining to me that I must do something as to eating which takes me a very long period to get done due to my back injury. I can rush to eat neither can I get my own tray with help. I am being very disrespected when it comes to various activities of normal operations here on this compound. I need a wheel chair in order get to designated areas of either "call-outs" or "kitchen", "Dormitory" etc. Your assistance on this matter is greatly appreciate.

Thank You Very Much.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _____

Inmate request discussed a reviewed

Scheduled at clinic in 15 days for further medical condition review at clinic

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 5/6/0x |
|---|---|

Distribution:  White  -Returned to Inmate
Canary  -Returned to Inmate

Pink  -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

D-1

DC6-236 (Revised 8-00)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden ☑ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: WASHINGTON LARRY_____ 660661____ EVERGLADES CORRECTIONAL INST.
Last First Middle Initial Number Institution

0405-401 018

| (America Disability Act) | Part A – Inmate Grievance 33-210.201 (D) thru (k) |

This grievance is due to my disability wherein I am unable to walk at a normal pace to an from any service area of the compound I am handicapped. It takes me (30 mins) or so to walk from (G3) to "Kitchen" then someone has to get my food for me I can hardly stand on my own. I am interrupting normal operations either coming or going from my dormitory (30) plus (30) coming minutes back and forward. Official are complaining that I am interrupting normal movement while I am without a "wheelchair" that I need very badly. I have to get somedype of assistant to "shower", get to "Kitchen" or inside or outside of dormitory G3 Quad "Am permanently disabled!"

5-4-04_____ Larry Washington #660661
DATE SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____/____
# Signature

PART B – RESPONSE

_____ _____ _____
SIGNATURE AND TYPED OR PRINTED NAME SIGNATURE OF WARDEN, ASST. WARDEN, OR DATE
OF EMPLOYEE RESPONDING SECRETARY'S REPRESENTATIVE

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.
...............TEAR ON PERFORATION...............

D-2

G3 112L

PART C - RECEIPT    (TO BE COMPLETED BY DC STAFF)

RETURN TO: _Washington, Larry_____    _660661_____    _CC I_____
LAST    FIRST    MIDDLE INITIAL              NUMBER                INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

240
ADA

_5/4/04_____    _0405-401-018_____    _R. Brumfield_____
DATE                GRIEVANCE LOG NUMBER        RECIPIENT'S SIGNATURE (STAFF MEMBER)

**DISTRIBUTION:**      **INSTITUTION/FACILITY**      **DISTRIBUTION:**      **CENTRAL OFFICE**
  WHITE COPY        INMATE COPY          WHITE COPY        INMATE COPY
  CANARY COPY       INMATE'S FILE         CANARY COPY       INMATE'S FILE - INST./FACILITY
  PINK COPY         INMATE COPY          PINK COPY         C.O. INMATE FILE
  GOLDENROD COPY     RETAINED BY OFFICIAL RESPONDING    GOLDENROD COPY     RETAINED BY OFFICIAL RESPONDING

DC1-303 (Revised 8-00)

P-3

# PART B - RESPONSE

| Washington, Larry | 660661 | 04-05-401-018 |
|---|---|---|
| **INMATE** | **NUMBER** | **GRIEVANCE LOG NUMBER** |

Your request for administrative remedy has been reviewed and evaluated. Your disability papers that are in your possession do not mention that you are wheelchair dependent. Further more, your recent evaluation has determined that you have no reason whatsoever for your slow ambulation. The more you practice to walk the better you will get at it. A wheelchair is not in your best interest.

Based on the foregoing, your request for administrative remedy is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

**Roger Browne, MD**
SIGNATURE & TYPED/PRINTED NAME
OF EMPLOYEE RESPONDING

**Sam Culpepper, Warden**
SIGNATURE OF WARDEN, ASST. WARDEN
OR SECRETARY'S REPRESENTATIVE

5/13/04
Date

DELIVERED MAY 1 4 2004

COPY DISTRIBUTION-INSTITUTION/FACILITY
(2COPIES) INMATE
(1 Copy) INMATE'S FILE
(1 COPY) RETAINED BY OFFICIAL RESPONDING

COPY DISTRIBUTI9ON-CENTRAL OFFICE
(1 COPY) INMATE
(1 COPY) INMATE'S FILE-INSTITUTION/FACILITY
(1 COPY) CENTRAL OFFICE INMATE FILE
(1 COPY) RETAINED BY OFFICIAL RESPONDING

D-4

**INMATE REQUEST**

RECEIVED
MAY 20 2004

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: _____
Team Number: #9
Institution: E.C.I.

TO: (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☐ Dental
☐ Other    DR. BROWN
(CHIEF HEALTH SPECIALIST)

| FROM: Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| LARRY WASHINGTON | 660661 | Low 63-112 | Houseman | 5-16-04 |

**REQUEST**

I need an orderly to assist me to my call-outs, and to Library, also chapel, Kitchen with a wheelchair. Due to my disability wherein I am having difficulty walking this assistance will greatly increase my opportunity to get where I need to be.
   I don't smoke, and the orderly I have who is willing to help me is Inmate: DONALD GRAGGS # 059009 B2-111 upper, Houseman. By speaking to Inmate on an everyday bases [DONALD GRAGGS] has stipulated to me his willingness to assist me. I would greatly appreciate your approval of this request. Inmate: DONALD GRAGGS has come with me to Classification requesting to be an orderly for my help [MR. Ogunlade #9].
   Your response is greatly appreciated.
                    THANK YOU VERY MUCH.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

―――――――――― **DO NOT WRITE BELOW THIS LINE** ――――――――――

**RESPONSE**                              DATE RECEIVED: _____

Inmate has to be declare impair to be approved for an aid, to be cleared thru classification (both inmate & aid) for medical to have been trained & assigned. Did you use / Have a wheelchair at this time? I spoke to Mr Ogunlade and he does not remember your call but say he is willing to help. Need to request an evaluation with the DON

[The following pertains to informal grievances only:]  NO Need for Wheelchair, ambulate on
Based on the above information, your grievance is ___Returned___. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature) _____    Date 5/20/0X

Distribution:  ✓ White  -Returned to Inmate       Pink  -Retained by official responding, or if the response is to an
              Canary -Returned to Inmate               informal grievance then forward to be placed in inmate's file.

D-5

DC6-236 (Revised 8-00)

FLORIDA DEPARTMENT OF CORRECTIONS    05/20/2005

ISSO150 (01)    CHARGING DISCIPLINARY REPORT     PAGE:    1

LOG # 401-050734

--------------------------------------------------------------------------------

DC#: 660661   INMATE NAME: WASHINGTON, LARRY      INFRACTION
VIOLATION CODE: 0061   TITLE: DISOBEYING ORDER      DATE: 05/18/05
FACILITY CODE: 401   NAME: EVERGLADES C.I.      TIME: 11:05

--------------------------------------------------------------------------------

STATEMENT OF FACTS

ON MAY 18, 2005 AT APPROXIMATELY 11:05AM, I, SERGEANT R.
JOHNSON WAS ASSIGNED AS CHARLIE DORMITORY SUPERVISOR. I WAS
CONDUCTING A ROUTINE SECURITY CHECK IN QUAD FOUR. I
APPROACHED CELL C4-106 WHICH HOUSES INMATE WASHINGTON, LARRY
DC#660661(LOWER) ALONG WITH INMATE WERT, JOSHUA
DC#V08120(UPPER). I ADVISED INMATE WASHINGTON THAT HE HAD
EXCESSIVE PROPERTY ON THE FLOOR. I GAVE INMATE WASHINGTON A
DIRECT VERBAL ORDER TO PLACE ALL THE EXCESSIVE PROPERTY IN
HIS LOCKER. AT APPROXIMATELY 3:15PM WHILE CONDUCTING ANOTHER
ROUTINE SECURITY CHECK OF QUAD FOUR.  I APPROACHED CELL
C4-106 AGAIN. INMATE WASHINGTON'S PROPERTY WAS PLACED IN HIS
LAUNDRY BAG AND NOT HIS LOCKER AS I GAVE HIM A DIRECT VERBAL
ORDER AS TO DO SO. THE SHIFT OIC WAS NOTIFIED AND
AUTHORIZED THE WRITING OF THIS REPORT. INMATE WASHINGTON WAS
ESCORTED TO MEDICAL AND GIVEN A PRE-CONFINEMENT PHYSICAL BY
MEDICAL STAFF. INMATE WASHINGTON WAS PLACED IN
ADMINISTRATIVE CONFINEMENT PENDING THE CHARGE 6-1 DISOBEYING
A VERBAL ORDER.

REPORT WRITTEN: 05/18/05, AT 15:40   OFFICER: JR007 - JOHNSON, R.

--------------------------------------------------------------------------------

I. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 5·20·05 AT 2·45

NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
33-601, FLORIDA ADMINISTRATIVE CODE.

DELIVERED BY : _____ - _____

--------------------------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:

--------------------------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL

D-6

FLORIDA DEPARTMENT OF CORRECTIONS          05/20/2005
ISSO150 (01)     CHARGING DISCIPLINARY REPORT                    PAGE:    2
                 LOG # 401-050734

---

DC#: 660661  INMATE NAME: WASHINGTON, LARRY          INFRACTION
VIOLATION CODE: 0061  TITLE: DISOBEYING ORDER        DATE: 05/18/05
FACILITY CODE: 401    NAME: EVERGLADES C.I.          TIME: 11:05

---

HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

---

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

---

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

---

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

**Disciplinary Hearing Worksheet**

State of Florida      Log #_601-050734_      Department of Corrections

DC# _L60061_    Inmate Name _Washington Larry_
Violation Code and Short Title _6-1 Disobeying a verbal order_
Facility _Everglades CI - 401_     Date Report Written _5/8/05_

Designated:  Team ☐  Hearing Officer ☐    Telephonic Hearing: Yes ☐ No ☑

| I. | Date of Hearing _5/24/05_      Time of Hearing _12 35_ AM/PM |
|---|---|

Inmate Present: Yes ☑ No ☐; If no, Explain _____

Staff Assistance Offered: Declined ☑ Accepted ☐ Appointed ☐  Provided ☐ YES ☑ NO

Charge Read: Understanding Indicated; Procedures/Penalties Explained: Yes ☑ No ☐

| II. | Inmate Plea:  Guilty ☐  Not Guilty ☑  Refused to Plea ☐  No Contest ☐ |
|---|---|

| III. | Witnesses: Statement(s) Read: Yes ☑ No ☐ ; if No, Explain _____ |
|---|---|

| IV. | Findings:  Dismissal ☐  Not Guilty ☐  Guilty ☑ |
|---|---|

**V. Basis for Decision:**

I/m Washington, Larry DC# 650661 plead not guilty and the team found him guilty based on the investigation and the statement of facts in question by officer Wells. Sergeant Johnson ordered I/m Washington to place property in his locker and I/m Washington refused to obey the order.

_____
_____
_____
_____
_____
_____
_____
_____

**VI. Action:**

☑ Loss of Gain Time _60_ days
☑ DC not to exceed _3_ days
☐ DC part time _____ days
☐ Suspension - Mail/Visitation/Telephone Privileges _____ days
☐ Suspension - Other Privileges _____
☐ Extra Duty during Leisure Hours _____
_____

☐ Disciplinary Squad _____ days
☐ Individual Review and Counseling _____
☐ Confiscate Contraband _____

☐ Payment - Damages/Destroyed/Misappropriated Property $_____
☐ Loss of Unearned Gain Time _____ days; Justification _____

☐ Probation for _____ days; Specific portion of above penalties:
_____
_____
_____

☐ Concurrent     ☑ Consecutive

Comments _____
_____
_____

INMATE PROVIDED COPY OF WORKSHEET AND WAS ADVISED OF RIGHT TO APPEAL;  ☑ YES ☐ NO

_____    _____    _____
     Team Member               Team Member            Chairman/Hearing Officer

DC6-112E (Revised 5-00)     Original: Inmate File     Pink: Central Office     Canary: Inmate

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

**(Instructions on Back)**

Mail Number: E4-104-L
Team Number: #2
Institution: E.C.I

| | TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|---|

| FROM: | Inmate Name Larry Washington | DC Number 660661 | Quarters E4-104-L | Job Assignment Houseman | Date 12/11/05 |
|---|---|---|---|---|---|

REQUEST Ms. Lindo

I am requesting to have my 'Health Slip/Pass' renewed. Whereas, a fact that on 12/10/05 My Low/Bottom bunk Pass has expired, and My Restricted Activity Pass has also expired as of 12/10/05.

Thank you
Larry Washington    12/11/2005
All Rights Reserve With Out Prejudice.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

───────────────── **DO NOT WRITE BELOW THIS LINE** ─────────────────

**RESPONSE**

DATE RECEIVED: RECEIVED DEC 13 2005

Pass Renewed X 1 year.

Thank You

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: D 2/05 |
|---|---|---|

Distribution:    White    -Returned to Inmate          Pink    -Retained by official responding, or if the response is to an
                 Canary  -Returned to Inmate                      informal grievance then forward to be placed in inmate's file.    D-7

DC6-236 (Revised 8-00)                         Received 12/27/05 at 7:22PM

# INMATE REQUEST

**(Instructions on Back)**

Mail Number: _____
Team Number: #R
Institution: F.C.I.

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other |
|---|---|---|---|---|

Property Room

| FROM: | Inmate Name Larry Washington | DC Number 660601 | Quarters E4-104-L | Job Assignment Houseman | Date 3/4/2006 |
|---|---|---|---|---|---|

**REQUEST** Sgt. McKenzie

I am inquiring, in re a larger locker to put my on-going legal cases of extra legal documents from the Courts in to keep them being time barred by the Courts. Whereas, has already happen in my Federal Case, do to the fact of me being put in jail for my active legal Cases, by Major, Garfield in 2005. Wherein I am put under the Same inquietude by Colonel, Garfield, in which he said, that he is going to put me in jail for my active legal cases I am working on, and that it should be in the law library. And Colonel, Garfield said to me, that he does not Care, that I am time barred from or by the Courts. The Courts has set by law there legal limitation for being entirely to the Courts in these Matters. Also by leaving my active legal work in the law library is am is putting great restraints on me in meeting my time limitation to the Courts. Could you please assist me in this Matter. Thank you Sincerely.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Larry Washington        3/4/2006

─────────── **DO NOT WRITE BELOW THIS LINE** ───────────

# RESPONSE

**DATE RECEIVED:** _____

| | |
|---|---|
| | |

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: |
|---|---|

Distribution:    White    -Returned to Inmate         Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

He/she is also ased to file internal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Formal Grievances and Inmate Requests will be responded to within 10 days following receipt by the appropriate person.

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: E4-104-L
Team Number: #2
Institution: F.C.I.

_Informal Grievance_

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

Mr. Eric Lane, Warden

| FROM: | Inmate Name: Larry Washington | DC Number: 660661 | Quarters: E4-104-L | Job Assignment: Houseman | Date: 6/15/06 |
|---|---|---|---|---|---|

**REQUEST** In re: Request to a meeting with you sir on the following matters and issues of:

Numerous problems on federal violations by the staff and staff members keeping the acts and conduct of the matters and issues concealed from you sir. Also to discuss with you sir the numerous federal agencies I have contacted on the numerous federal violations that have been committed against me by the staff at this institution who was at the institution of Gulf Corr. Inst. in north Florida. And the issues about my legal mail, and the privilege mail not going out to my family, and my relatives. Including what Dr. Roger Browne has done to me as a disable person, and my condition of disability was determined outside by a federal judge. I need to discuss

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Larry Wash~

these matters with you before I site my grievances to you sir.

I-1-06-032

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                           DATE RECEIVED: 6-16-06

Mr. Perkins - 6/14/06

Any act that you feel, was inappropriate you may address the issue in your request.

[The following pertains to informal grievances only:
Based on the above information, your grievance is _Denied_. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 6/19/06 |
|---|---|

Distribution:  White  -Returned to Inmate     Pink  -Retained by official responding, or if the response is to an
                Canary -Returned to Inmate                informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: E4-104-Lower
Team Number: #2
Institution: E.C.I.

**(Instructions on Back)**

Attention: Mr. Eric Lane, Warden, Emergency Informal Grievance

**TO:** (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Dental
☐ Other

Informal Grievance

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry Washington | 660661 | E4-104-L | Houseman | 9/17/2006 |

**REQUEST TO: WARDEN, ERIC LANE on INFORMAL GRIEVANCE.**

Rules of The Department of Corrections: Chapter 33-210, 33.210.201(1), In Violation of this Section and violate all other Sections ADA Provisions for Inmate[s]., 42 U.S.C. §§12101-12213. And F.S. 20.315(1),(2)(C)., On Tuesday, 9/12/2006. I requested to Speak to you Sir in front of E-dorm about my ADA rights being violated by Dr. Roger Browne as to him removing My Cane from me and my low bunk pass, which rendered me unable to move from My Cell of E4-104-Lower. That denied Me proper care to be Able to eat three meals a day. And denied me four (4) day of not eating. I also Showed you Sir the documents from the Attorney to the ADA Coordinator in Tallahassee, FL. Mr. Lane, Sir. You requested to me too send you a 'Grievance' as I was Sitting in the wheelchair Sin in front of E-dorm. Also, I explained to what happens when I do Send you a 'Grievance' it never reach you Sir your reply Sir, you are expecting this one, and put it in a envelope.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

See Attachment pg (2), (3).

Respectfully Submitted

Larry Washington 9/17/06

I 1-09-019

**DO NOT WRITE BELOW THIS LINE**

RECEIVED
OCT -5 2006

DATE RECEIVED: 9-21-06

**RESPONSE**

Medical - 9/21/06                #3

A complete review of your medical records reveals that you have no current medical condition that would warrant wheelchair or cane use.

|The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned/Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

ROGER BROWNE, M.D.
SENIOR PHYSICIAN
HEALTH OFFICER
EVERGLADES C.I.

Official (Signature): R. Browne          Date: 10/5/06

Distribution: White - Returned to Inmate     Pink - Retained by official responding, or if the response is to an
Canary - Returned to Inmate          informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)   C.C.L.W.      Recived 10/5/2006 at 7:55 PM

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

again an address it to you sir with your name on it.

'Before Speaking to you Mr. Lane, sir. I talk to Lt. Collins about this same problem of me not eating for four (4) days. Due to Dr. Roger Browne action that denied me proper care to be able to eat three meals a-day. And his action denied me four (4) days of not eating. I also explained to Lt. Collins that I was weak and on the verge of passing out at the center gate with the two (2) inmates who was holding me up, whom brought me from the dorm of E4-104-Lower to get some food into me to keep me from being completelly malnurish due to not eating for four (4) days.

And I told Lt. Collins that I had no-way to get to the Chowhall and the wheelchair had to be returned to the Medical Dept. because I had no passtes] for it! Lt. Collins reply to me, was go back to the dorm and I will call the Medical Dept. So that you can keep the wheelchair until this matter is resolved. I also explained to Lt. Collins that I need to talk to you Mr. Lane, sir. And Lt. Collins informed me that he was going to inform you of this problem. On Tuesday, 9/12/2006. When the shift changed at 4:00pm. After Count I went to dinner. While I was in the Chow hall eating dinner sitting in the wheelchair at the handicap table the Sgt. told me that Medical requested me ASAP so finish eating. When I finished eating I went to medical where officer Swink opened the back door of Medical. When I got to the nurses Station, Officer Swink ask me how I got the wheelchair and I explained the matter to Officer Swink and he said

C.C.L.W          Attachment page (3)     Jerry Wasty  9/17/2006

I had to return the wheelchair to medical. Then I asked officer Swink who requested for me to return the wheelchair. Officer Swink response was Dr. Roger Browne and the Chief Medical Officer. I then ask officer Swink who told them to do this, Officer Swink said to me Lt. Collins. Then I ask officer Swink when did this happen. Officer Swink said that this took place at Shift Change about 4:00PM today.

I (Larry Washington #660661-E4-104-Lower) requested to be taken back to the dorm of E4-104-Lower. And this is where I have been since 9/12/2006.; 9/13/2006; 9/14/2006; 9/15/2006; 9/16/2006;

Nor have I (Larry Washington) eaten at the chow hall to this day! All this began on 9/7/2006 to 9/

And the only Solution to the matter from one of the O.I.C. "was that I could 'declare a medical emergency' and they would Put me in confinement and this is how I could get food to me So that I could eat." This Cruel and unusal punishment to put upon me, and to resolve the matter I would half to put my self through even more Cruel and unusal punishment. This is in violation of F.S. 20.315 (1),(2)(C). For violation 744.09 and 944.331 Florida Statute. And the legislative dicision of the Administrative Code of 33-4.002 (11). No employee shall be insubordinate, neglectful, or unwilling to follow lawful orders or perform officially designated duties. Also, no violation of 33-103.017. I have Filed this informal grievance under the orders of Mr. Eric Lane request of F.A.C. 33-103.005 (5).

Larry Wash    9/17/2006

Attachment page (3)

C.C.L.W.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number: E4-104-Lower
Team Number: #2
Institution: E.C.I.

Attention: Inspector, Ponsate', Emergency Informal Grievance

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other Inspector, Posante' |
|---|---|---|---|---|

(Instructions on Back)

| FROM: | Inmate Name Larry Washington | DC Number 660661 | Quarters E4-104-L | Job Assignment Houseman | Date 9/20/2006 |
|---|---|---|---|---|---|

## REQUEST Inspector, Ponsante'

On 9/17/2006. I was requested by Warden Eric Lane to file a Informal Grievance to him Personal on the violation of Chapter 33-210.201(1), Stated: In violation of this section and violates all other sections ADA Provisions for Inmate[s]. Under 42 U.S.C. §§ 12101-12213. And F.S. 20.315 (1),(2)(C). In which I stated from 9/7/2006 to 9/20/2006 that I have been unable to get to the Chowhall to eat three (3) meals a day because Dr. Roger Browne took my walking Cane and Passes from me for filing a federal Complaint on the neglect of Non-medical Care of inmate who are disable within the meaning of federal law of which I have all of the documents from my lawer on this matter. The Problem is that no one has assisted me in Correcting this Problem because it is a federal issue. And the only way I can get anything to eat as the O.I.C. said: Declare a medical-emergency and they will

Larry Washington 9/20/06

Seal you in Confinement. This issue need to be handle by you sir.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: 10/2/06

You NEED TO ADDRESS Your GRIEVANCES THRU THE APPROPRIATE STAFF i.e., MEDICAL STAFF / INSTITUTION'S ADMINISTRATION.

[The following pertains to informal grievances only.]
Based on the above information, your grievance is RETURNED. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 10-3-06 |
|---|---|

Distribution:  White    -Returned to Inmate
Canary    -Returned to Inmate
Pink    -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

D-1

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: E 4-104 Lower
Team Number: #2
Institution: E.C.I.

**(Instructions on Back)**

Attention: Inspector, Tonsate' Second (2d) Emergency Internal Grievance!

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☑ Other |
|---|---|---|---|---|

Inspector, Tonsate'

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry C. Washington | 660061 | E4-104-L | Houseman | 9/29/2006 |

**REQUEST** Inspector, Tonsate'

On 7/20/2006, I sent you Sir an "Internal Emergency Grievance" on the violations of 33-210.201(1) under 42 U.S.C. 31810)-1281B, and violations of the provisions of Florida Statute 20.315, (1), (2), (C). Wherein it stated on a very "Serious" matter on 7/7/2006 to wherever you get this 'Emergency Internal Grievance' about that I have been unable to with to get to the Chow Hall for all three (3) meals. This is also because I do not have an orderly or anyone who assit me, can and will be lock up in Confinement for not being reasonal to me. I have not eaten on at the Chow Hall for over three (3) weeks at which is going on four (4) weeks now. Also, no one want this matter to get too you Sir or Warden, Eric Lare on what is happening to me. Because Warden, Eric Lare requested to Me in front of E-door, where I am housed to write and send the grievance to him and put it in a white envlope address to him. I received no reply on

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

this matter this was on 6/15/2006 and on 7/17/2006. Now this matter is for you Sir.

Larry C. Washington  9/29

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _____

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____    Date: _____

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate               informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

28TH Sept., 2006

M.S. MARTA VILLACORTA
REGIONAL DIRECTOR
REGION IV-INSTITUTION
P.O. BOX 297410
PEMBROKE PINES, FL. 33029-7410          10/2/06          D.C.W.

RE: A DISABLED AMERICAN INMATE

THIS IS A CONCERNED INMATE MERELY PASSING ON INFOR-
MATION. DUE TO SOME PRIOR INSTANCES OF INTERCEPTIONS
OF ATTEMPTS AT CONTACTING AND INFORMING OTHERS
OF INFO ENCLOSED. PLEASE KEEP MY NAME OUT OF
THIS. FOR THIER HAVE ALREADY BEEN REPRECUSSIONS.
I BELIEVE YOU WILL FIND THIS APPALLING AND INHUMAN.

ON 9/7/2006, DR. ROGER BROWNE TOOK MY PASSES FOR MY
WALKING-CANE AND LOWER-BUNK. SINCE 9/7/2006, I HAVE NOT
EATEN AT THE CHOW-HALL. DUE TO THE FACT OF ME BEING
UNABLE TO WALK WITHOUT A CANE TO ASSIST ME. IT HAS
BEEN ABOUT 3 WEEKS SINCE I HAVE EATEN A FULL MEAL.
THE PRISONERS GIVE ME SOUPS TO EAT AND I DRINK
PLENTY OF WATER TO KEEP FROM BECOMING DEHYDRATED.
I SPOKE TO THE WARDEN ABOUT THIS MATTER ON 9/12/2006
IN FRONT OF E-DORM WHERE I AM HOUSED. AT WHICH THE
WARDEN, (ERIC LANE) ADVISED ME TO SEND HIM AN "EMERGE-
NCY GRIEVANCE" ON THE MATTER. THIS WAS DONE ON

9/17/2006 AND I HAVE RECIEVED <u>NO</u> RESPONSE ON THIS MATTER. ON 9/20/2006 I SENT AN "EMERGENCY INFORMAL GRIEVANCE" TO INSPECTOR, PONSATE, ON THIS SAME MATTER. I HAVE NOT YET RECEIVED A RESPONSE. AT THIS POINT, I AM REQUESTING YOUR ASSISTANCE TO THIS PROBLEM OF ALL THE REQUESTS I HAVE MADE THAT ARE BEING IGNORED HERE AT EVERGLADES CORRECTIONAL INSTITUTION ABOUT THE NEGLECT OF MY CONDITION OF ME BEING DISABLED AND THE <u>VIOLATION OF MY AMERICANS WITH DISABILITY ACT</u> (ADA) <u>RIGHTS</u> OF WHICH I HAVE DOCUEMENTS FROM THE ATTORNEY WHO REPRESENTED ME IN MY FEDERAL CLAIM FOR SOCIAL SECURITY DISABILITY (SSD) BENEFITS AND HE ALSO ADVISED ▬ THE ADA COORDINATOR (MARY TAYLOR) IN TALLAHASSEE ABOUT THIS IN 2000. AND SENT <u>THE FEDERAL COURT OF APPEAL</u> "NOTICE OF DECISION - <u>FULLY FAVORABLE</u>" TO HER.

I ALSO HAVE THE FEDERAL COURT OF APPEAL DOCUEMENT. MEAN WHILE, DR. ROGER BROWNE AND OTHER STAFF MEMBERS ARE SAYING TO ME IN THIS SUBTLE MANNER-"CUMPLY WITH MY STAND-ARD OF DECISION - OR YOU WILL STARVE TO DEATH -"!. AND I HAVE A WAY TO COVER IT UP ABOUT YOU"!

THESE ARE CLEAR THREATS BECAUSE THEY ARE DOING THIS.

THIS IS A CLEAR FEDERAL VIOLATION UNDER THE (ADA) BY CON-FINING ME TO MY CELL OF E4-104 LOWER FOR THREE WEEKS OF NOT EATING - (VIOLATION OF 28 CFR PART 35 AND F.S. 20. 315 (1),(2)(C) AND OF 33-210.201 (1).

A QUOTE FROM THE "EVALUATION OF THE EVIDENCE" FROM CLAIM WHICH ADMINISTRATIVE LAW ( JUDGE: JEROME E. LOWEN ) RULED IN FAVOR.:

THE CLAIMANT HAS DEGENERATIVE DISC DISEASE OF THE LUMBAR SPINE WITH MULTIPLE HERNIATED DISCS, CHRONIC LOW BACK PAIN, MUSCLE SPASM, RADICULOPATHY DOWN THE LOWER EXTREMITIES AND DECREASED MUSCLE STRENGTH, WHICH ARE CONSIDERED TO BE "SEVERE" UNDER THE SOCIAL SECURITY ACT AND REGULATION. THESE IMPAIRMENTS PREVENT THE CLAIMANT FROM SUSTAINED LIFTING, SITTING, STANDING OR WALKING.

ALSO, MY FAMILY AND I LIVE IN THE MIAMI AND BREWARD COUNTY AREA FROM THE TIME I WAS BORN HERE. I ALSO HAVE COMPLAINTS FILED WITH THE F.B.I. ON MY FALSE CONVICTION OF THE CIVIL RIGHTS VIOLATIONS OF WHAT THE STATE OF FLORIDA HAS DONE TO MY FAMILY AND ME. THIS ALSO INCLUDES THE MEDICAL COMPANY HERE AT EVERGLADES C.I. OF HOW DR. ROGER BROWNE HAS LIED TO NUMEROUS STAFF MEMBERS HERE ABOUT ME NOT BEING DISABLED AND VIOLATING MY AMERICANS WITH DISABILITY ACT (ADA) RIGHTS, WHICH MY DISABILITY WAS DETERMINED ON THE OUTSIDE SOCIETY BY A JUDGE OF THE OFFICE OF HEARING AND APPEALS. THE INSTITUTION IS NOW RETALIATING AGAINST ME WITH THE HELP OF SERCURITY AND THE MEDICAL CHIEF DR. ROGER BROWNE. WHICH IS IN VIOL-ATION OF 28 CFR PART 35 ON NONDISCRIMINATION ON THE BASIS OF STATE AND GOVERMENT AGENCIES ; FINAL RULE OF § 35.134. AND OF HER CODE OF FEDERAL REGULATIONS. THE INSTITUTION HAS INTERFERED WITH THE COMMUNICATION OF MY FAMILY WHICH HAS "INCOMMUNICADO" ME FROM MY FAMILY

FOR SEVEN YEARS. COL. JOHN BARFIELD IS A MAJOR FACTOR IN THIS MATTER. I HAVE ALSO SPOKEN TO MR. LEWIS (INSPECTOR) ABOUT THIS PROBLEM OF COL. JOHN BARFIELD ON PUTTING ME IN CONFINEMT ON A FALSE D.R. TO KEEP ME FROM FILING MY CIVIL CLAIM ON THESE MATTERS AND INSPECTOR POSANTE IS AWARE OF THIS MATTER.

I WOULD BE EVER IN YOUR DEBT FOR YOUR DESPERTLY NEEDED ASSISTANCE.

SINCERELY: Larry Washington 10/2/06

LARRY WASHINGTON 660661

E4-104-L

Everglades Correctional Institution

P.O. BOX 949000

MIAMI, FL. 33194-9000

<u>FORGOTTEN POINT OF INTEREST :</u>

ALSO, AS TO ANYONE ASSISTING. IF ANYONE ASSIST'S ME, THEY ARE SUBJECT TO BEING LOCKED UP IN CONFINEMENT FOR NOT BEING ASSIGNED TO ME AS MY ORDERLY. THIS SUBTLE PLAY WAS TO PUT EVEN MORE RESTAINTS ON ME. FROM THE FIRST DAY I ARRIVED HERE AT E.C.I., IT HAS BEEN ONE PROBLEM AFTER ANOTHER WITH DR. ROGER BROWNE LYING TO STAFF ABOUT HIS FALSE MEDICAL REPORT OUTSIDE OF MY FINAL DECISION THAT WAS DECIDED BY A FEDERAL JUDGE (JEROME LOWEN) ON MY CLAIM OF BEING "FULLY FAVORABLE" IN HIS DECISION. DEPARTMENT OF CORRECTIONS IS AN AGENCY UNDER FEDERAL LAW THAT SHALL APPLY STATE LAW FROM THE FOUNDATION OF FEDERAL LAW. THIS ENDOWNMENT IS UNDER THE PROVISIONS OF THE FLA. STATUTE 20.315 (1), (2), (C). AT WHICH GOVERNS THE FLORIDA ADMINISTRATIVE CODE (FAC) OF CHAPTER 33-210.201(1), IN VIOLATIONS OF THIS SECTION AND VIOLATES ALL OTHER SECTIONS OF ADA PROVISIONS FOR INMATES OF 42 U.S.C. §12101-12213. THIS VIOLATES F.S. 944.09 AND 458.04, ALSO 944.331. THE PROCEDURES WERE FULLY CERTIFIED BY THE FLORIDA STATUTE. THIS IS WHAT STARTED THE GREAT SEVERE ADA VIOLATION. (1) DR. BROWNE HAS CREATED <s>WHAT</s> "THEY" CALLED, AN "IMPAIRED BOARD" WITH PEOPLE WHO ARE NOT MEDICALLY QUALIFIED OR LICENSED AS MEDICAL PROFESSIONALS. AND THIS CLEARLY VIOLATES THE PRIVACY RIGHTS OF PRISONERS WITH MEDICAL ISSUES IN HIS MEDICAL FILE (2) THIS GREATLY VIOLATES THE U.S. LEGISLATIVE INTENT UNDER 44 U.S.C. § 1507 OF ALL LAWS ENACTED BY CONGRESS, OF THE AMERICANS WITH DISABILITIES ACT. (ADA) AND THE SEPERATION OF POWERS OF CONGRESS AND THE

LEGISLATIVE INTENT OF THE PROVISIONS OF 44 U.S.C. § 1507.
THE RES. JUDICATA BARS DR. BROWNE FROM WHERE THERE IS A PRIOR
JUDGEMENT. WHEN I WAS BROUGHT BEFORE THIS "IMPAIRED BOARD",
THIS VIOLATED MY CONSTITUTIONAL RIGHTS UNDER PESUDO PROCED-
URAL LAW CREATED BY DR. ROBER BROWNE. THIS MATTER ALSO INCLUDES
FORMER SGT. WILLIAMS. WHOM IS NOW THE CLASSIFICATION OFFICER
WHO ASSIGNS "IMPAIRED ORDERLIES". WHOM ALSO WAS SITTING ON
THE "IMPAIRED BOARD". AS OF 9/28/06, I WAS SENDING OUT CERT-
IFIED MAIL AND SGT. SPAN WAS LOOKING OVER MY SHOULDER AT THE
NAME OF THE PERSON WHOM I WAS SENDING THE "AMENDED COMPLAINT"
TO AT THE DEPT. OF JUSTICE, F.B.I.. I NOW EXPECT MORE
PROBLEMS. FROM SGT. SPAN ▆▆▆▆.

I ALSO HAVE A CASE PENDING IN THE FLA. SUPREME COURT
AND CANNOT GET TO THE LAW LIBRARY NOR MY LEGAL MAIL.
THIS IS A CLEAR DENIAL OF "ACCESS TO COURT" IN THE
SUBTLE DEGREE OF INTENT. AND TO STOP ANY OTHER COMPLAINTS
OF MY PROCEEDING IN THIS SAME DEGREE OF INTENT. BY THE
STAFF HERE AT E.C.I. IN VIOLATIONS OF 33-4.002 (17) —
"NO EMPLOYEE SHALL BE INSUBORDINATE, NEGLECTFUL, OR UNWILLING
TO FOLLOW THE LAWFUL ORDERS OR PERFORM OFFICIALLY DESIGN-
ATED DUTIES."

AGAIN: I THANK YOU SINCERLY

- 6 -

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: E 4
Team Number: # 2
Institution: E.C.I.

Attention: Inspector, Ponsante', Third (3d) Emergency Informal Grievance

(Instructions on Back)

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other Inspector, Ponsante' |
|---|---|---|---|---|

| FROM: | Inmate Name Larry Washington | DC Number 660661 | Quarters E4-104-L | Job Assignment Houseman | Date 10/4/2006 |
|---|---|---|---|---|---|

**REQUEST** Inspector, Ponsante'. "I was denied access to You Sir!"

On or about 8:45 Am or 9:00 Am You requested Officer Wilson to send me to your office. But She told inmate Joseph Melendez to tell me She did not know who requested for me. On the Second request you made to E-dorm, She finally told inmate Joseph Melendez that you Inspector, Ponsante' wanted to see me. Inmate Joseph Melendez told Officer Wilson that I was unable to leave the Cell because I am disable. Officer Wilson requested to inmate Joseph Melendez to go and See Officer Hinckley at Center gate and explain the problem; that the Inspector, Ponsante', will request that Medical send a wheel chair to me to get to my appointment of the Inspector, Ponsante'. Inmate Joseph Melendez waited for about an hour. Then he requested Capt. Farrest about the Matter and he denied all assistant and said I could walk there. At this time Capt. Farrest Came to E-dorm and told me that you Inspector, Ponsante' Said not to send any grievances to you Sir? This is why I could not make my appointment.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Larry Was~ 10/4/2006

" With all due respect sir. How is this possible on no response from any Complaints?"

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**          DATE RECEIVED: 10-6-06

THE REASON YOU WERE CALLED TO BE INTERVIEWED WAS TO EXPLAIN THAT YOUR COMPLAINT IS A MEDICAL ISSUES WHICH NEEDS TO BE ADDRESSED BY THE MEDICAL DEPARTMENT OR THE INSTITUTIONS ADMINISTRATION. CAPTAIN FORREST WAS TOLD SINCE YOU WERE NOT ABLE TO SHOW UP BECAUSE OF YOUR LIMITATIONS TO TELL YOU I WAS RETURNING YOUR COMPLAINT SO YOU CAN ADDRESS YOUR ISSUE WITH THE APPROPRIATE STAFF. YOUR GRIEVANCE IS BEING RETURNED.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is RETURNED . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 10-6-06 |
|---|---|

Distribution:  White  -Returned to Inmate       Pink  -Retained by official responding, or if the response is to an
             Canary -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

P-2

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: E4-104-Lower
Team Number: #2
Institution: E.C.I.

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☑ Other<br>Mail Room, Ms. Hall |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Larry Washington | DC Number<br>660661 | Quarters<br>E4-104-L | Job Assignment<br>Houseman | Date<br>10/5/2006 |
|---|---|---|---|---|---|

**REQUEST** Ms. Hall

On 9/28/2006 I sent out certified Mail with you. Could you Please let me know does the legal Mail go out on that 'same day' or 'the next day', or am or that PM. This request is on Knowing the days sending out legal Mail and receiving legal Mail, to and from Dept of Justice, F.B.I. and the lawyer on Paralegal.

Thank you Sincerly
Larry Washington 9/5/2006

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

---

**RESPONSE**                                    DATE RECEIVED: 10/9/06

It went out the next buisness day.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _Approved_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____   Date: 15/11/56

Distribution:   White   -Returned to Inmate        Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate               informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

RECEIVED

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBITS
For Secretary

# FLORIDA
# DEPARTMENT of
# CORRECTIONS

Governor
**JEB BUSH**

Secretary
**MICHAEL W. MOORE**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

Mr. Larry Washington
DC#660661
Gulf Correctional Institution

Dear Mr. Washington:

I received your letter regarding the loss of your low bunk pass and no prolonged standing pass. You were seen by a specialist in May 2000 who did not feel that these passes were appropriate after assessing your medical condition.

Issuance of these passes at another institution or a reception center does not guarantee that they will be issued at another institution. The institution's doctor will make that determination, or they will send the inmate to an outside specialist, as was done for you.

You can be assured that the department does comply with the Americans with Disabilities Act. In fact, we have accommodated several inmates at this facility. Your medical profile is a level two. This indicates that you have some medical impairment, but it does not mean that you are disabled, within the meaning of the law.

I hope this addresses your concerns.

Martie Taylor
ADA Coordinator

MFT/mtt

Cc: Joseph J. Pappacoda, Esquire

J.C.W.
Recived on: 7/26/2000  Wed

B-1

Attorney and Counselor at Law
Florida, Colorado and Washington, D.C.

July 27, 2000

Florida Department of Corrections
Ms. Martie Taylor
2601 Blair Stone Road
Tallahassee, Florida 32399-2500

RE: Larry Washington DC #660661

Dear Ms. Taylor:

I received your undated letter referencing Mr. Washington's "loss of low bunk pass and no prolonged standing pass" and researched the issue of Mr. Washington's permanent disability.

Mr. Washington is permanently and totally disabled and his family presently receive disability payments based upon the same, because he is in prison. I have enclosed Mr. Washington's Notice of Decision, Fully Favorable, dated August 22, 1997, as received from the Social Security Administration. Page two (2) of this Decision states: "The Claimant has degenerative disc disease of the lumbar spine with multiple herniated discs, chronic low back pain, muscle spasms, radiculopathy down the lower extremities and decreased muscle strength, which are considered to be "severe" under the Social Security Act and Regulation." I trust that Mr. Washington's medical condition and disability are sufficient to warrant special treatment by the Florida Department of Corrections and pray that you would re-evaluate his conditions in consideration of Mr. Washington's complete medical history. Mr. Washington is in constant pain and needs special consideration in the way of "passes", medical treatments and medications to treat his debilitating medical condition. Please ensure that he gets it!

Please ensure that the Florida Department of Corrections complies with the Americans with Disabilities Act regarding Mr. Larry Washington in light of this new information received of Mr. Washington's complete disability. Thank you for your consideration of this very important matter.

Sincerely,

JOSEPH J. PAPPACODA, ESQUIRE
Florida Bar Number: 883018

cc:    Larry Washington
      Warden Gulf Correctional Institute

400 SOUTHEAST 6TH STREET • FT. LAUDERDALE, FL 33301 • TEL.: (954) 522-6659 • FAX: (954) 522-6698

**Refer to: 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**

Office of Hearings and Appeals
200 E. Las Olas Blvd, Ste 1550
Ft. Lauderdale, FL 33301
Telephone: 954-356-7385
Date:
AUG 2 2 1997

LARRY C WASHINGTON
1029 SW HIMMARSHEE ST.
FT LAUDERDALE, FL 33311

## NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case.  Please read this
notice and the decision carefully.

**This Decision Is Fully Favorable To You**

Another office will process the decision and send you a letter
about your benefits.  Your local Social Security office or
another office may first ask you for more information.  If you
do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even
though you do not ask it to do so.  To do that, the Council
must mail you a notice about its review within 60 days from the
date shown above.  Review at the Council's own motion could
make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if
you disagree with it for any reason, you may file an appeal
with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request the
Appeals Council to review the decision.  You must make the
request in writing.  You may use our Request for Review form,
HA-520, or write a letter.

See Next Page



CLAIMANT

You may file your request at any local Social Security office
or a hearing office. You may also mail your request right to
the Appeals Council, Office of Hearings and Appeals, 5107
Leesburg Pike, Falls Church, VA 22041-3255. Please put the
Social Security number shown above on any appeal you file.

## Time To File An Appeal

To file an appeal, you must file your request for review **within
60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the
date shown above unless you show you did not get it within the
5-day period. The Council will dismiss a late request unless
you show you had a good reason for not filing it on time.

## Time To Submit New Evidence

You should submit any new evidence you wish to the Appeals
Council to consider **with** your request for review.

## How An Appeal Works

Our regulations state the rules the Appeals Council applies to
decide when and how to review a case. These rules appear in
the Code of Federal Regulations, Title 20, Chapter III, Part
404, Subpart J.

If you file an appeal, the Council will consider all of my
decision, even the parts with which you agree. The Council may
review your case for any reason. It **will** review your case if
one of the reasons for review listed in our regulations exists.
Section 404.970 of the regulations lists these reasons.

Requesting review places the entire record of your case before
the Council. Review can make any part of my decision more or
less favorable or unfavorable to you.

On review, the Council may itself consider the issues and
decide your case. The Council may also send it back to an
Administrative Law Judge for a new decision.

## If No Appeal And No Appeals Council Review

If you do not appeal and the Council does not review my
decision on its own motion, you will not have a right to court
review. My decision will be a final decision that can be
changed only under special rules.

**CLAIMANT**

**If You Have Any Questions**

If you have any questions, you may call, write or visit any
Social Security office. If you visit an office, please bring
this notice and decision with you. The telephone number of the
local office that serves your area is 800-772-1213. Its
address is 2201 W. SAMPLE ROAD, STE 4A, POMPANO BEACH, FL
33073.


                                        JEROME E. LOWEN
                                        Administrative Law Judge


Enclosures

cc:    JOSEPH J PAPPACODA
       400 SE 6th St.
       FT LAUDERDALE, FL  33301


**CLAIMANT**

DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Social Security Administration
OFFICE OF HEARINGS AND APPEALS

### ORDER OF ADMINISTRATIVE LAW JUDGE

IN THE CASE OF                              CLAIM FOR

LARRY C. WASHINGTON                         A PERIOD OF DISABILITY AND
                                            DISABILITY INSURANCE BENEFITS
(Claimant)

                                            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
(Wage Earner)                               (Social Security Number)

I approve the fee agreement between the claimant and his or her
representative subject to the condition that the claim results in
past-due benefits.

My determination is limited to whether the fee agreement meets
the statutory conditions for approval and is not otherwise
excepted.  I neither approve nor disapprove any other aspect of
the fee agreement.

_____
Jerome E. Lowen
Administrative Law Judge

AUG 2 2 1997
_____
Date

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**             **CLAIM FOR**

 

Period of Disability and
Disability Insurance Benefits

LARRY C WASHINGTON
(Claimant)

 

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

(Wage Earner)          (Social Security Number)

### PROCEDURAL HISTORY

This case is before the Administrative Law Judge upon remand by
the Appeals Council.  By order dated June 5, 1996, the Appeals
Council vacated the Administrative Law Judge's decision dated
June 10, 1995, and remanded the case to the undersigned
Administrative Law Judge for further proceedings.  After proper
notice, a hearing was held on August 12, 1996, in Ft Lauderdale,
Fl.  The claimant personally appeared and testified, represented
by Joseph J. Pappacoda, Attorney at Law.  Also testifying was
Cenniel Washington, the claimant's brother.

The claimant previously filed an application for a period of
disability and disability insurance benefits on November 9, 1989,
which was denied initially on December 21, 1989.  The current
application was filed on May 22, 1991.  The December 21, 1989
determination is reopened and revised pursuant to 20 CFR
404.989(a)(1).

**CLAIMANT**

LARRY C WASHINGTON
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

2

### ISSUES

The issues in this case are whether the claimant is under a disability as defined by the Social Security Act and if so, when his disability commenced, the duration of the disability, and whether the insured status requirements of the Act are met for the purpose of entitlement to a period of disability and disability insurance benefits.

### EVALUATION OF THE EVIDENCE

After a thorough evaluation of the entire record, it is concluded that the claimant has been disabled since September 19, 1986, and met the insured status requirements of the Social Security Act on that date and thereafter, through December 31, 1991. The claimant was 29 years old on the date his disability began and has an 11th grade education. The claimant has not engaged in any substantial gainful activity since the disability onset date.

The claimant has degenerative disc disease of the lumbar spine with multiple herniated discs, chronic low back pain, muscle spasm, radiculopathy down the lower extremities and decreased muscle strength, which are considered to be "severe" under the Social Security Act and Regulation. These impairments prevent the claimant from sustained lifting, sitting, standing or walking. However, these impairments, individually or in combination, are not shown by medical evidence to meet or equal the requirements for any impairment in the Secretary's Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4.

The claimant was treated by Dr. Ronald Wellikoff, chiropractor, from December 17, 1986 to November 30, 1987, for injuries sustained to his back and legs, in a work-related accident. Treatment included physical therapy, rest, and moist heat. It was noted that sitting or standing increased the pain significantly. An MRI of the lumbar spine showed posterior central and right side extrusion of the L5-S1 disc with bilateral bulging and facet joint hypertrophy, and advanced disc desiccation; posterior central herniation of L4-5 with bilateral facet joint hypertrophy; mild to moderate disc bulging at L2-3 and L3-4 with hypertrophy (Exhibit 31, pages 17-18). It was noted on October 22, 1987, that the claimant had constant low back pain, radiating down the lower extremities (Exhibit 31, pages 5-6).

**CLAIMANT**

LARRY C WASHINGTON
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

3

Other examinations of record by Dr. Michael A. Abrahams (May 8,
1991, Exhibit 17), Dr. Amos Stoll (July 18, 1991, Exhibit 18),
and the consultative exam by Dr. Grafton Sieber (April 5, 1995,
Exhibit 20), found mild to moderate lumbar tenderness, positive
straight leg raising test, and markedly restricted range of
motion of the spine in all directions.  The examination performed
on April 5, 1995, by Dr. Sieber, found increasing numbness into
the lower extremities.  The claimant's gait was guarded due to
pain and was not able to perform heel/toe walking.  Straight leg
raising test was positive and there was marked increased pain
with range of motion of the spine.  An assessment of the
claimant's physical abilities to perform work related activities,
revealed that the claimant was rated able to sit/stand or walk
intermittently during the day for 15-30 minutes at a time, with
significant postural limitations including climbing, balancing,
stooping, or crawling.

A consultative exam was performed on September 11, 1996, by Dr.
James R. Milne, orthopedist.  The claimant's chief complaint
continued to be low back pain radiating down the lower
extremities.  X-rays of the lumbar spine performed during the
evaluation demonstrated "pars defect of the L5 vertebra with
degenerative disc disease affecting the L5-S1 junction most
severely throughout the lumbar spine" (Exhibit 32).  Muscle
strength testing of the lower extremities was 3/5 bilaterally.
Palpation of the lumbar spine revealed myofascial tenderness with
evidence of muscle spasm throughout the paravertebral
musculature.  Straight leg raising test was positive,
bilaterally.  The clinical impression was history of multiple
herniated discs of the lumbar spine; chronic low back pain with
radiculopathy; myosis; and degenerative disc disease of the
lumbar spine (Exhibit 23, page 2).  An assessment of the
claimant's physical abilities to perform work-related activities
was completed on September 11, 1996.  The claimant was rated able
to lift no more than 15 pounds on a limited basis; stand/walk
without interruption for 30 minutes, 2 hours total; and sit for 1
hour without interruption, 4 hours total (Exhibit 32).

At the hearing the claimant testified that he is presently
receiving supplemental security income benefits.  He also
testified that he received a worker's compensation settlement of
$20,000.  The claimant stated that his chief problems are
herniated discs of the lumbar spine, with pain radiating to the
legs and chest, and muscle spasm; neck and shoulder pain;

**CLAIMANT**

BARRY C WASHINGTON
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

4

shortness of breath; and severe headaches. He rated the pain in
his legs as a 5-6, on a scale from 1 to 10. His overall pain was
rated as a 6 1/2. The claimant indicated that he lays down
frequently to ease the pain.

The claimant's description of his limitations is consistent with
the record when considered in its entirety. The objective
medical evidence, particularly the evaluations and assessments
from Dr. Grafton Sieber and Dr. James R. Milne, establishes that
the claimant has the residual functional capacity to perform less
than the full range of sedentary work. The claimant cannot
perform his past relevant work as a construction worker, security
guard and janitor, and does not have transferable skills to
perform other work within his residual functional capacity.

The undersigned considered the opinions of the State agency
medical consultants who provided residual functional capacity
assessments at the initial and reconsideration levels. While
these opinions were reasonable, based on the evidence available
at the time, additional evidence received into the record at the
hearing level convinces the undersigned that the claimant was
more limited than originally thought. Social Security Ruling 96-
6p.

Once a claimant has established that he cannot perform his past
relevant work because of his impairments, the burden shifts to
the Commissioner to show that there are other jobs existing in
significant numbers in the national economy which he can perform,
consistent with his medically determinable impairments,
functional limitations, age, education and work experience.

Given the claimant's residual functional capacity for less than
the full range of sedentary work, and the vocational factors of
his age, education and past relevant work experience, there are
no jobs existing in significant numbers that the claimant is
capable of performing. Considering Section 201.00(h) of the
Medical-Vocational Guidelines, the undersigned concludes that the
claimant is under a disability as defined by the Social Security
Act and Regulations.

The claimant's prior application is reopened, pursuant to 20 CFR
404.989(a)(1). Benefits will be payable based on the claimant's
Title II application for disability insurance benefits filed on
November 9, 1989.

**CLAIMANT**

LARRY C WASHINGTON
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

5

## FINDINGS

After consideration of the entire record, the Administrative Law
Judge makes the following findings:

1. The claimant met the insured status requirements of the Act
   on September 19, 1986. The claimant has not performed any
   substantial gainful activity since September 19, 1986.

2. The claimant's impairments which are considered to be
   "severe" under the Social Security Act are degenerative disc
   disease of the lumbar spine, with multiple herniated discs,
   chronic low back pain, muscle spasm, radiculopathy down the
   lower extremities, and decreased muscle strength.

3. The claimant's impairments do not meet or equal in severity
   the appropriate medical findings contained in 20 CFR Part
   404, Appendix 1 to Subpart P (Listing of Impairments).

4. The claimant's allegations are found to be credible, as the
   medical evidence supports his testimony regarding pain and
   limitations.

5. The claimant's impairments prevent him from sustained
   lifting, sitting, standing or walking.

6. The claimant is unable to perform his past relevant work as
   construction worker, security guard, and janitor.

7. The claimant was 29 years old on the date disability began,
   which is defined as a younger individual. The claimant has
   a limited education.

8. The claimant does not have transferable skills to perform
   other work within his physical and mental residual
   functional capacity.

9. Based upon the claimant's residual functional capacity, and
   vocational factors, there are no jobs existing in
   significant numbers which he can perform. This finding is
   based upon Section 201.00(h) of the Medical-Vocational
   Guidelines, 20 CFR Part 404, Appendix 2 to Subpart P.

10. The claimant has been under a disability as defined by the
    Social Security Act and Regulations since September 19,
    1986.

**CLAIMANT**

LARRY C WASHINGTON
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

6

## DECISION

Based on the Title II application filed on November 9, 1989, the claimant is entitled to a period of disability beginning on September 19, 1986, and to disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, and the claimant's disability has continued through at least the date of this decision.

The record revealed that the claimant was awarded worker's compensation benefits.  The undersigned directs that the appropriate component undertake any necessary development to determine if the offset provisions of 20 CFR 404.408 are applicable.

_____

JEROME E. LOWEN
Administrative Law Judge

AUG 2 2 1997
_____

Date

**CLAIMANT**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

(Instructions on Back)

Mail Number: _____
Team Number: **#1**
Institution: **E.C.I.**

RECEIVED
MAY 6 2004

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☑ Medical  ☐ Dental | ☐ Other |
|---|---|---|---|---|

CHIEF HEALTH OFFICER

| FROM: | Inmate Name  Larry Washington | DC Number  660661 | Quarters  Low  G3-112 | Job Assignment  Houseman | Date  5-3-04 |
|---|---|---|---|---|---|

## REQUEST

First of all I am disabled, and I am having difficulty getting to and from G-Dormitory to either "kitchen" or "Medical". It takes me (30 mins) or more to get to "kitchen", then (30) or more mins. to get back to G-Dorm. However I am interrupting Normal operations that go on during the daily movement of all inmates during (10 min. movement). Official are complaining to me that I must do something as to eating which takes me a very long period to get done due to my back injury. I can rush to eat neither can I get my own tray with help. I am being very disrespected when it comes to various activities of normal operations here on this compound. I need a wheel chair in order get to designated areas of either "call-outs" or "kitchen", "Dormitory" etc. Your assistance on this matter is greatly appreciate. Thank you very much.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _____

Inmate request reviewed & response

Scheduled at clinic in 15 days for further medical condition review at clinic

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 5/6/0x |
|---|---|

Distribution:   White   -Returned to Inmate
                Canary  -Returned to Inmate

Pink  -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

D-1

DC6-236 (Revised 8-00)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Washington Larry                     660661          Everglades Correctional Inst.
         Last    First    Middle Initial           Number                    Institution
                                                                        0405-401 018

(American Disability Act)          Part A – Inmate Grievance   33-210.201 (D) thru (k)

This grievance is due to my disability wherein I am unable to walk at a normal pace to an from any service area of the compound I am handicapped. It takes me (30 mins) or so to walk from (G3) to "Kitchen" then someone has to get my food for me I can hardly stand on my own. I am interrupting normal operations either coming or going from my dormitory (30) plus (30) coming minutes back and forward. Official are complaining that I am interrupting normal movement while I am without a "wheelchair" that I need very badly. I have to get some type of assistant do "shower", get to "kitchen" or inside or outside of dormitory G3 Quad. Am permanently disabled!

5-4-04                                        Larry Washington #660661
DATE                                          SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____/_____**
                                                                          #        Signature

PART B – RESPONSE

_____          _____          _____
SIGNATURE AND TYPED OR PRINTED NAME     SIGNATURE OF WARDEN, ASST. WARDEN, OR     DATE
OF EMPLOYEE RESPONDING                  SECRETARY'S REPRESENTATIVE

                                                                        D-2

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.
..............................................TEAR  ON  PERFORATION.........................................

G3 112L

PART C - RECEIPT    (TO BE COMPLETED BY DC STAFF)

RETURN TO: _Washington, Larry_          _660661_          _CCI_
           LAST      FIRST    MIDDLE INITIAL          NUMBER          INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

                              240
                             ADA

_5/4/04_              _0405-401-018_              _R. Binfield_
DATE                  GRIEVANCE LOG NUMBER        RECIPIENT'S SIGNATURE (STAFF MEMBER)

| DISTRIBUTION: | INSTITUTION/FACILITY | DISTRIBUTION: | CENTRAL OFFICE |
|---|---|---|---|
| WHITE COPY | INMATE COPY | WHITE COPY | INMATE COPY |
| CANARY COPY | INMATE'S FILE | CANARY COPY | INMATE'S FILE - INST./FACILITY |
| PINK COPY | INMATE COPY | PINK COPY | C.O. INMATE FILE |
| GOLDENROD COPY | RETAINED BY OFFICIAL RESPONDING | GOLDENROD COPY | RETAINED BY OFFICIAL RESPONDING |

DC1-303 (Revised 8-00)

P-3

## PART B - RESPONSE

| Washington, Larry | 660661 | 04-05-401-018 |
|---|---|---|
| **INMATE** | **NUMBER** | **GRIEVANCE LOG NUMBER** |

Your request for administrative remedy has been reviewed and evaluated. Your disability papers that are in your possession do not mention that you are wheelchair dependent. Further more, your recent evaluation has determined that you have no reason whatsoever for your slow ambulation. The more you practice to walk the better you will get at it. A wheelchair is not in your best interest.

Based on the foregoing, your request for administrative remedy is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

**Roger Browne, MD**
SIGNATURE & TYPED/PRINTED NAME
OF EMPLOYEE RESPONDING

**Sam Culpepper, Warden**
SIGNATURE OF WARDEN, ASST. WARDEN
OR SECRETARY'S REPRESENTATIVE

5/13/04
Date

DELIVERED MAY 1 4 2004

COPY DISTRIBUTION-INSTITUTION/FACILITY
(2 COPIES) INMATE
(1 Copy) INMATE'S FILE
(1 COPY) RETAINED BY OFFICIAL RESPONDING

COPY DISTRIBUTION-CENTRAL OFFICE
(1 COPY) INMATE
(1 COPY) INMATE'S FILE-INSTITUTION/FACILITY
(1 COPY) CENTRAL OFFICE INMATE FILE
(1 COPY) RETAINED BY OFFICIAL RESPONDING

D-4

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*(Instructions on Back)*

RECEIVED MAY 2 0 2004

Mail Number: _____
Team Number: #9
Institution: E.C.I.

**TO:** (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☐ Dental
☐ Other   DR. BROWN
(CHIEF HEALTH SPECIALIST)

| FROM: Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| LARRY WASHINGTON | 660661 | 63-112 Low | Houseman | 5-16-04 |

**REQUEST**

I need an orderly to assist me to my call-outs, and to Library, also chapel, kitchen with a wheelchair. Due to my disability wherein I am having difficulty walking this assistance will greatly increase my opportunity to get where I need to be.

I don't smoke, and the orderly I have who is willing to help me is Inmate : DONALD GRAGGS # 059009 B2-111 upper, Houseman. By speaking to Inmate on an everyday basis [DONALD GRAGGS] has stipulated to me his willingness to assist me. I would greatly appreciate your approval of this request. Inmate: DONALD GRAGGS has come with me to Classification requesting to be an orderly for my help [MR. OGUNLADE #9].

Your response is greatly appreciated.

THANK YOU VERY MUCH.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    **DATE RECEIVED:** _____

Inmate has to be declare impair to be approved for an aid, to be cleared thru Classification (both inmate & aid) for medical to pass. Wire trained & assigned. Did you use? Have a wheelchair at this time? I spoke to Mr Ogunlade and he does not remember your case but say he is willing to help. Need to request an evaluation with the DON

NO Necessity for wheelchair, as per nursing or ___

[The following pertains to informal grievances only:
Based on the above information, your grievance is __Return__. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature) | Date 5/20/0X |
|---|---|

Distribution: ✓ White   -Returned to Inmate
Canary   -Returned to Inmate
Pink   -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

D-5

DC6-236 (Revised 8-00)

FLORIDA DEPARTMENT OF CORRECTIONS          05/20/2005
ISSO150 (01)      CHARGING DISCIPLINARY REPORT                    PAGE:     1
LOG # 401-050734

--------------------------------------------------------------

DC#: 660661 INMATE NAME: WASHINGTON, LARRY                INFRACTION
VIOLATION CODE: 0061   TITLE: DISOBEYING ORDER            DATE: 05/18/05
FACILITY CODE: 401    NAME: EVERGLADES C.I.               TIME: 11:05

--------------------------------------------------------------

. STATEMENT OF FACTS
ON MAY 18, 2005 AT APPROXIMATELY 11:05AM, I, SERGEANT R.
JOHNSON WAS ASSIGNED AS CHARLIE DORMITORY SUPERVISOR. I WAS
CONDUCTING A ROUTINE SECURITY CHECK IN QUAD FOUR. I
APPROACHED CELL C4-106 WHICH HOUSES INMATE WASHINGTON, LARRY
DC#660661(LOWER) ALONG WITH INMATE WERT, JOSHUA
DC#V08120(UPPER). I ADVISED INMATE WASHINGTON THAT HE HAD
EXCESSIVE PROPERTY ON THE FLOOR. I GAVE INMATE WASHINGTON A
DIRECT VERBAL ORDER TO PLACE ALL THE EXCESSIVE PROPERTY IN
HIS LOCKER. AT APPROXIMATELY 3:15PM WHILE CONDUCTING ANOTHER
ROUTINE SECURITY CHECK OF QUAD FOUR. I APPROACHED CELL
C4-106 AGAIN. INMATE WASHINGTON'S PROPERTY WAS PLACED IN HIS
LAUNDRY BAG AND NOT HIS LOCKER AS I GAVE HIM A DIRECT VERBAL
ORDER AS TO DO SO. THE SHIFT OIC WAS NOTIFIED AND
AUTHORIZED THE WRITING OF THIS REPORT. INMATE WASHINGTON WAS
ESCORTED TO MEDICAL AND GIVEN A PRE-CONFINEMENT PHYSICAL BY
MEDICAL STAFF. INMATE WASHINGTON WAS PLACED IN
ADMINISTRATIVE CONFINEMENT PENDING THE CHARGE 6-1 DISOBEYING
A VERBAL ORDER.


REPORT WRITTEN: 05/18/05, AT 15:40   OFFICER: JR007 - JOHNSON, R.

--------------------------------------------------------------

I. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 5-20-05 AT 295

NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
33-601, FLORIDA ADMINISTRATIVE CODE.

        DELIVERED BY : _____ - _____

--------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:

--------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL

D-6

FLORIDA DEPARTMENT OF CORRECTIONS        05/20/2005

ISSO150 (01)      CHARGING DISCIPLINARY REPORT            PAGE:    2
LOG # 401-050734

------------------------------------------------------------

DC#: 660661   INMATE NAME: WASHINGTON, LARRY                INFRACTION
VIOLATION CODE: 0061   TITLE: DISOBEYING ORDER              DATE: 05/18/05
FACILITY CODE: 401     NAME: EVERGLADES C.I.                TIME: 11:05

------------------------------------------------------------

HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

------------------------------------------------------------

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

------------------------------------------------------------

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND THE RANGE OF PENALTY AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

------------------------------------------------------------

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

**Disciplinary Hearing Worksheet**

State of Florida          Log # _401-050534_          Department of Corrections

DC# _600001_    Inmate Name: _WORKington, Jerry_
Violation Code and Short Title: _6-1 Disobeying Verbal Order_
Facility: _Everglades C.I. - 401_          Date Report Written: _5/8/05_

Designated:  Team ☐  Hearing Officer ☐          Telephonic Hearing: Yes ☐ No ☑

**I.**  Date of Hearing _5/24/05_          Time of Hearing _12 35_ AM/PM

Inmate Present: Yes ☑ No ☐; If no, Explain _____

Staff Assistance Offered: Declined ☑ Accepted ☐ Appointed ☐  Provided ☐ YES ☑ NO

Charge Read: Understanding Indicated; Procedures/Penalties Explained: Yes ☑ No ☐

**II.**  Inmate Plea:  Guilty ☐  Not Guilty ☑  Refused to Plea ☐  No Contest ☐

**III.**  Witnesses: Statement(s) Read: Yes ☑ No ☐ ; if No, Explain _____

**IV.**  Findings:  Dismissal ☐          Not Guilty ☐          Guilty ☑

**V.**  Basis for Decision:
_I/m Washington, Jerry DC# 600001 found not guilty on the_
_above findings I'm guilty based on the investigation and the_
_statement of facts in section one where states Sergeant Johnson_
_ordered I/m Washington to place property on his bunk_
_and I/m Washington ignored the order. His action_

**VI.**  Action:
☑ Loss of Gain Time _60_ days
☑ DC not to exceed _30_ days
☐ DC part time _____ days
☐ Suspension - Mail/Visitation/Telephone Privileges _____ days
☐ Suspension - Other Privileges
☐ Extra Duty during Leisure Hours _____

☐ Disciplinary Squad _____ days
☐ Individual Review and Counseling _____
☐ Confiscate Contraband _____

☐ Payment - Damages/Destroyed/Misappropriated Property $_____
☐ Loss of Unearned Gain Time _____ days; Justification _____

☐ Probation for _____ days; Specific portion of above penalties:
_____
_____

☐ Concurrent          ☑ Consecutive
Comments _____
_____
_____

INMATE PROVIDED COPY OF WORKSHEET AND WAS ADVISED OF RIGHT TO APPEAL:  ☑ YES ☐ NO

_____        _____        _____
Team Member          Team Member          Chairman/Hearing Officer

DC6-112E (Revised 5-00)      Original:  Inmate File      Pink:  Central Office      Canary:  Inmate

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

(Instructions on Back)

Mail Number: E4-104-L
Team Number: #2
Institution: E.C.I

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☑ Medical  ☐ Dental | ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry Washington | 660661 | E4-104-L | Houseman | 12/11/05 |

REQUEST Ms. Lindo

I am requesting to have My 'Health Slip/Pass' renewed. Whereas, a fact that on 12/10/05 My Low/Bottom bunk Pass has expired and My Restricted Activity Pass has also expired as of 12/10/05.

Thank you
Larry Washington — 12/11/2005
All Rights Reserve With Out Prejudice.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED: RECEIVED DEC 13 2005

Pass Renewed X 1 year.

Thank You

[The following pertains to informal grievances only:
Based on the above information, your grievance is _____ . (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: | 12-22-05 |

Distribution:    White    -Returned to Inmate
                 Canary  -Returned to Inmate

Pink  -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

D-7

DC6-236 (Revised 8-00)

L.W.  Received 12/27/05 at 7:22 PM

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*(Instructions on Back)*

Mail Number: E-4-104-L
Team Number: T-R
Institution: F.C.I.

Informal Grievance

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Other |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Dental | Mr. Eric Lane, Warden |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry Washington | 660661 | E-4-104-L | Houseman | 6/15/06 |

**REQUEST**  In re: Request to a meeting with you sir on the following Matters and issues of:

Numerous Problems on Federal violations by the Staff and Staff members Keeping the acts and conduct of the Matters and issues Concealed from you sir. Also to discuss with you sir the numerous Federal agencies I have Contacted on the numerous Federal violations that have been Committed against Me by the Staff at this institution who was at the institution of Gulf Corr. Inst. in north Florida. And the issues about My legal mail, and the Privilege Mail not going out to My family, and My relatives. Including what Dr. Roger Browne has done to Me as a disable Person, and My Condition of disability was determined out side by a Federal Judge. I need to discuss

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.                                        *Larry Wash*

these Matters with you before I file My Grievances to you sir.

I-1-06-032

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                        DATE RECEIVED: 6-16-06

Mr. Perkins - 6/19/06

Any act that you feel, was inappropriate you may address the issue in your request.

[The following pertains to informal grievances only:
Based on the above information, your grievance is _Denied_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: 6/19/06 |
|---|---|---|

Distribution:    White    -Returned to Inmate        Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

P-8

# INMATE REQUEST

**(Instructions on Back)**

Mail Number: _____
Team Number: _____
Institution: __F.C.I.__

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☑ Other<br>Property Room |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Larry Washington | DC Number<br>660661 | Quarters<br>E4-104-L | Job Assignment<br>Houseman | Date<br>3/4/2006 |
|---|---|---|---|---|---|

**REQUEST** Sgt. McKenzie

I am inquiring, in to a larger locker to put my on-going legal cases of extra legal documents from the Courts in to keep from being time barred by the Courts. Whereas, has already happen in my Federal Case, do to the fact of me being put in jail for my active legal Cases, by Major, Garfield in 2005. Wherein I am put under the same inquietude by Colonel, Garfield, in which he said, that he is going to put me in jail for my active legal Cases I am working on, and that it should be in the law library. And Colonel, Garfield said to me, that he does not care, that I am time barred room or by the Courts. The Courts has set by law these legal limitation for being untimely to the Courts in these Matters. Also by leaving my active legal work in the law library, is putting great restraints on me in meeting my time limitation to the Courts. Could you please assist me in this Matter. Thank you Sincerely.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Larry Washington    3/4/2006

———————— **DO NOT WRITE BELOW THIS LINE** ————————

## RESPONSE

**DATE RECEIVED:** _____

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: |
|---|---|

Distribution:    White  -Returned to Inmate
                 Canary -Returned to Inmate

Pink  -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTION**

INMATE REQUEST

Mail Number: E4-104-L
Team Number: #2
Institution: F.C.I.

*Informal Grievance*

**(Instructions on Back)**

| TO: (Check One) | ☑ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other |
|---|---|---|---|---|

Mr. Eric Lane, Warden

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry Washington | 660661 | E4-104-L | Houseman | 6/15/06 |

**REQUEST** In re: Request to a meeting with you sir on the following matters and issues of:

Numerous Problems on federal violations by the staff and staff members keeping the acts and conduct of the matters and issues concealed from you sir. Also to discuss with you sir the numerous federal agencies I have contacted on the numerous federal violations that have been committed against me by the staff at this institution who was at the institution of Gulf Corr. Inst. in north Florida. And the issues about my legal mail, and the privilege mail not going out to my family, and my relatives. Including what Dr. Roger Browne has done to me as a disable person, and my condition of disability was determined outside by a federal Judge, I need to discuss

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

*Larry Wash[ington]*

these matters with you before I file my grievances to you sir.

**DO NOT WRITE BELOW THIS LINE**

I-1-06-032

**RESPONSE**

DATE RECEIVED: 6-16-06

Mr. Perkins - 6/19/06

Any act that you feel, was inappropriate you may address the issue in your request.

[The following pertains to informal grievances only: Based on the above information, your grievance is *Denied* (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 6/19/06 |
|---|---|

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate                informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: E4-104-Lower
Team Number: #2
Institution: E.C.I.

Attention: Mr. Eric Lane, Warden, Emergency Informal Grievance

**(Instructions on Back)**

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Other |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Dental | Informal Grievance |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry Washington | 666061 | E4-104-L | Houseman | 9/17/2006 |

**REQUEST TO: WARDEN, ERIC LANE on INFORMAL GRIEVANCE**

Rules of The Department of Corrections: Chapter 33-210, 33-210.201(1), In Violation of this Section and violate all other Sections ADA Provisions for Inmate[s], 42USC§§12101-12213. And F.S. 20.315(1),(2)(C). On Tuesday, 9/12/2006. I requested to Speak to you sir in Front of E-dorm about my ADA rights being violated by Dr. Roger Browne as to him removing my Cane from me and my low bunk Pass, which rendered me unable to move from my cell os E4-104-Lower. That denied me proper care to be able to eat three Meals a day. And denied me Four (4) day os not eating. I also Showed you sir the documents from the Attorney to the ADA Coordinator in Tallahassee FL. Mr. Lane, Sir. You requested to me too send you a 'Grievance' as I was sitting in the wheelchair sir in Front os E-dorm. Also, I explained to what happens when I do send you a 'Grievance' it never reach you sir your reply sir, you are expecting this one, and put it in a envelope—

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

See Attachment pg (2), (3)    Respectfully Submitted    [signature]   9/17/06

I-1-09-019

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED: OCT - 5 2006    9-20-06    #3

Medical - 9/21/06

A complete review of your medical records reveals that you have no current medical condition that would warrant wheelchair or cane use.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is ___ROGER BROWNE, M.D. ___. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

CHIEF HEALTH OFFICER
EVERGLADES C.I.

| Official (Signature): [signature] | Date: 10/5/06 |
|---|---|

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
                Canary -Returned to Inmate               informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)    C.C.L.W.    Recived 10/5/2006 at 7:55 PM

again an address it to you sir with your name on it.

Before speaking to you Mr. Lane, sir. I talk to Lt. Collins about this same problem of me not eating for Four (4) days. Due to Dr. Roger Browne action that denied me proper care to be able to eat three meals a-day. And his action denied me Four (4) days of not eating. I also explained to Lt. Collins that I was weak and on the verge of passing out at the center gate with the two (2) inmates who was holding me up, whom brought me from the dorm of E4-104-Lower to get some food into me to keep me from being completelly Nalnurish due to not eating for Four (4) days.

And I told Lt. Collins that I had no-way to get to the Chowhall and the wheelchair had to be returned to the Medical Dept. because I had no pass[es] for it! Lt. Collins reply to me, was go back to the dorm and I will call the Medical Dept. So that you can keep the wheelchair until this matter is resolved. I also explained to Lt. Collins that I need to talk to you Mr. Lane, sir. And Lt. Collins informed me that he was going to inform you of this problem. On Tuesday, Sept 9/12/2006. When the Shift Changed at 4:00PM. After Count I went to dinner. While I was at the Chow hall eating dinner sitting in the wheelchair at the handicap table the Sgt. told me that Medical requested me ASAP so finish eating. When I finished eating I went to medical where Officer Swink opened the back door of Medical. When I got to the nurses Station, Officer Swink ask me how I got the wheelchair and I explained the matter to Officer Swink and he Said

C.C.L.W.         Attachment page (3)     Jerry Washington 9/17/2006

I had to return the wheelchair to medical. Then I asked officer Swink who requested for me to return the wheelchair. Officer Swink response was Dr. Roger Browne and the Chief Medical Officer. I then ask officer Swink who told them to do this, Officer Swink Said to me Lt. Collins. Then I ask officer Swink when did this happen. Officer Swink Said that this took place at Shift Change about 4:00 PM today.

I (Larry Washington #660661-E4-104-Lower) requested to be taken back to the dorm of E4-104-Lower. And this is where I have been Since 9/12/2006.; 9/13/2006; 9/14/2006; 9/15/2006; 9/16/2006;

Nor have I (Larry Washington) eaten at the chow hall to this day! All this began on 9/7/2006 to 9/

And the only Solution to the matter from one of the O.I.C. "was that I could 'declare a medical emergency' and they would put me in confinement and this is how I could get food to me So that I could eat." This cruel and unusual punishment to put upon me, and to resolve the matter I would half to put my self through even more cruel and unusual punishment. This is in violation of F.S. 20.315 (1), (2)(c). For violation 744.09 and 944.331 Florida Statute. And the legislative dicision of the Administrative code of 33-4.002 (11). No employee shall be insubordinate, neglectful, or unwilling to follow lawful orders or perform officially designated duties. Also, no violation of 33.103.017. I have filed this informal grievance under the orders of Mr. Eric Lane request of F.A.C. 33-103.005 (5).

Larry Wash    9/17/2006

Attachment page (3)

C.C.L.W.

STATE OF FLORIDA
DEPARTMENT OF CORRECTION

**INMATE REQUEST**

Mail Number: E4-104-Lower
Team Number: #2
Institution: E.C.I.

Attention: Inspector, Ponsate', Emergency Informal Grievance

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☑ Other Inspector, Posante' |
|---|---|---|---|---|

| FROM: | Inmate Name Larry Washington | DC Number 660661 | Quarters E4-104-L | Job Assignment Houseman | Date 9/20/2006 |
|---|---|---|---|---|---|

**REQUEST** Inspector, Ponsante'

On 9/17/2006. I was requested by Warden, Eric Lane to file a Informal Grievance to him Personal on the violation of Chapter 33-210.201(1), Stated: In violation of this Section and violates all other Sections ADA Provisions for Inmate[S]. Under 42 U.S.C. §§ 12101-12213. And F.S. 20.315 (1),(2)(C). In which I stated from 9/7/2006 to 9/20/2006 that I have been unable to get to the Chowhall to eat three (3) meals a day because Dr. Roger Browne took my walking cane and passes from me for filing a federal Complaint on the neglect of Non-medical Care of inmate who are disable within the meaning of federal law of which I have all of the documents from my lawer on this Matter. The Problem is that no-one has assisted me in correcting this Problem because it is a federal issue. And the only way I can get anything to eat as the O.I.C. said; Declare a medical-emergency and they will

*All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.*

Larry Washington 9/20/06

feed you in confinement. This issue need to be handle by you sir.

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                     DATE RECEIVED: 10/9/06

YOU NEED TO ADDRESS YOUR GRIEVANCES THRU THE APPROPRIATE STAFF i.E., MEDICAL STAFF / INSTITUTION'S ADMINISTRATION.

[The following pertains to informal grievances only;]
Based on the above information, your grievance is RETURNED (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 10-30-5 |
|---|---|

Distribution:  White  -Returned to Inmate
               Canary -Returned to Inmate

Pink  -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

D-1

STATE OF FLORIDA
DEPARTMENT OF CORRECTION

# INMATE REQUEST

Mail Number: E4-104-L
Team Number: #2
Institution: E.C.I.

**(Instructions on Back)**

Attention: Inspector, Ponsate' Second (2d) Emergency Informal Grievance!

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other Inspector, Ponsate' |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Larry C. Washington | 660661 | E4-104-L | Houseman | 9/29/2006 |

**REQUEST** Inspector, Ponsate'

On 9/20/2006, I sent you Sir an "Informal Emergency Grievance" on the violations of 33-210.201(1) under 42 U.S.C. § 18101-18213, and violations of the provisions of Florida Statute 20.315, (1), (2), (C). Wherein it started on a very 'Servere' matter on 9/7/2006 to wherever you get this 'Emergency Informal Grievance' about that I have been unable to walk to get too the Chow Hall for all three (3) meals. This is also to because I do not have an orderly and any one who assist me, can and will be lockup in confinement for not being assigned to me. I have not eaten at the Chow Hall for over three (3) weeks at which is going on four (4) weeks Now. Also, no one want this matter to get too you Sir or Warden, Eric Lane on what is happening to me, because Warden, Eric Lane requested me in front of E-dorm where I am housed to write and send the grievance to him and putting white envelope address to him. I received no reply on

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

this matter this was on 6/15/2006 and on 9/17/2006. Now this matter is for you Sir

~~Larry C. Washington~~ 9/2

### DO NOT WRITE BELOW THIS LINE

## RESPONSE                    DATE RECEIVED: _____

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: |
|---|---|

Distribution:  White  -Returned to Inmate       Pink  -Retained by official responding, or if the response is to an
               Canary  -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

28TH Sept., 2006

M.S. MARTA VILLACORTA
REGIONAL DIRECTOR
REGION IV-INSTITUTION
P.O.BOX 297410
PEMBROKE PINES, FL.33029-7410                 10/2/06          D.C.W.

RE: A DISABLED AMERICAN INMATE

THIS IS A CONCERNED INMATE MERELY PASSING ON INFOR-
MATION. DUE TO SOME PRIOR INSTANCES OF INTERCEPTIONS
OF ATTEMPTS AT CONTACTING AND INFORMING OTHERS
OF INFO ENCLOSED. PLEASE KEEP MY NAME OUT OF
THIS. FOR THIER HAVE ALREADY BEEN REPRECUSSIONS.
I BELIEVE YOU WILL FIND THIS APPALLING AND INHUMAN.

ON 9/7/2006, DR. ROGER BROWNE TOOK MY PASSES FOR MY
WALKING-CANE AND LOWER-BUNK. SINCE 9/7/2006, I HAVE NOT
EATEN AT THE CHOW-HALL. DUE TO THE FACT OF ME BEING
UNABLE TO WALK WITHOUT A CANE TO ASSIST ME. IT HAS
BEEN ABOUT 3 WEEKS SINCE I HAVE EATEN A FULL MEAL.
THE PRISONERS GIVE ME SOUPS TO EAT AND I DRINK
PLENTY OF WATER TO KEEP FROM BECOMING DEHYDRATED.
I SPOKE TO THE WARDEN ABOUT THIS MATTER ON 9/12/2006
IN FRONT OF E-DORM WHERE I AM HOUSED. AT WHICH THE
WARDEN, (ERIC LANE) ADVISED ME TO SEND HIM AN "EMERGE-
NCY GRIEVANCE" ON THE MATTER. THIS WAS DONE ON

9/17/2006 AND I HAVE RECIEVED <u>NO</u> RESPONSE ON THIS MATTER. ON 9/20/2006 I SENT AN "EMERGENCY INFORMAL GRIEVANCE" TO INSPECTOR, PONSATE, ON THIS SAME MATTER. I HAVE NOT YET RECEIVED A RESPONSE. AT THIS POINT, I AM REQUESTING YOUR ASSISTANCE TO THIS PROBLEM OF ALL THE REQUESTS I HAVE MADE THAT ARE BEING IGNORED HERE AT EVERGLADES CORRECTIONAL INSTITUTION ABOUT THE NEGLECT OF MY CONDITION OF ME BEING DISABLED AND THE <u>VIOLATION</u> OF MY <u>AMERICANS</u> <u>WITH</u> <u>DISABILITY</u> <u>ACT</u> (ADA) <u>RIGHTS</u> OF WHICH I HAVE DOCUMENTS FROM THE ATTORNEY WHO REPRESENTED ME IN MY FEDERAL CLAIM FOR SOCIAL SECURITY DISABILITY (SSD) BENEFITS AND HE ALSO ADVISED ▬ THE ADA COORDINATOR (MARY TAYLOR) IN TALLAHASSEE ABOUT THIS IN 2000. AND SENT <u>THE</u> <u>FEDERAL</u> <u>COURT</u> <u>OF</u> <u>APPEAL</u> "<u>NOTICE</u> <u>OF</u> <u>DECISION</u> - <u>FULLY</u> <u>FAVORABLE</u>" TO HER.

I ALSO HAVE THE FEDERAL COURT OF APPEAL DOCUMENT. MEAN WHILE, DR. ROGER BROWNE AND OTHER STAFF MEMBERS ARE SAYING TO ME IN THIS SUBTLE MANNER - "COMPLY WITH MY STAND-ARD OF DECISION - OR YOU WILL STARVE TO DEATH - !. "AND I HAVE A WAY TO COVER IT UP ABOUT YOU"!

THESE ARE CLEAR THREATS BECAUSE THEY ARE DOING THIS.

THIS IS A CLEAR FEDERAL VIOLATION UNDER THE (ADA) BY CON-FINING ME TO MY CELL OF E4-104 LOWER FOR THREE WEEKS OF NOT EATING - (VIOLATION OF 28 CFR PART 35 AND F.S. 20. 315 (1), (2) (C) AND OF 33-210.201 (1).

A QUOTE FROM THE "EVALUATION OF THE EVIDENCE" FROM CLAIM WHICH ADMINISTRATIVE LAW (JUDGE: JEROME E. LOWEN) RULED IN FAVOR.:

THE CLAIMANT HAS DEGENERATIVE DISC DISEASE OF THE LUMBAR SPINE WITH MULTIPLE HERNIATED DISCS, CHRONIC LOW BACK PAIN, MUSCLE SPASM, RADICULOPATHY DOWN THE LOWER EXTREMITIES AND DECREASED MUSCLE STRENGTH, WHICH ARE CONSIDERED TO BE "SEVERE" UNDER THE SOCIAL SECURITY ACT AND REGULATION. THESE IMPAIRMENTS PREVENT THE CLAIMANT FROM SUSTAINED LIFTING, SETTING, STANDING OR WALKING.

ALSO, MY FAMILY AND I LIVE IN THE MIAMI AND BROWARD COUNTY AREA FROM THE TIME I WAS BORN HERE. I ALSO HAVE COMPLAINTS FILED WITH THE F.B.I. ON MY FALSE CONVICTION OF THE CIVIL RIGHTS VIOLATIONS OF WHAT THE STATE OF FLORIDA HAS DONE TO MY FAMILY AND ME. THIS ALSO INCLUDES THE MEDICAL COMPANY HERE AT EVERGLADES C.I. OF HOW DR. ROGER BROWNE HAS LIED TO NUMEROUS STAFF MEMBERS HERE ABOUT ME NOT BEING DISABLED AND VIOLATING MY AMERICANS WITH DISABILITY ACT (ADA) RIGHTS, WHICH MY DISABILITY WAS DETERMINED ON THE OUTSIDE SOCIETY BY A JUDGE OF THE OFFICE OF HEARING AND APPEALS. THE INSTITUTION IS NOW RETALIATING AGAINST ME WITH THE HELP OF SECURITY AND THE MEDICAL CHIEF DR. ROGER BROWNE. WHICH IS IN VIOL-ATION OF 28 CFR PART 35 ON NONDISCRIMINATION ON THE BASES OF STATE AND GOVERNMENT AGENCIES; FINAL RULE OF § 35.134. AND OF HER CODE OF FEDERAL REGULATIONS. THE INSTITUTION HAS INTERFERED WITH THE COMMUNICATION OF MY FAMILY WHICH HAS "INCOMMUNICADO" ME FROM MY FAMILY

FOR SEVEN YEARS. COL. JOHN BARFIELD IS A MAJOR FACTOR IN THIS MATTER. I HAVE ALSO SPOKEN TO MR. LEWIS (INSPECTOR) ABOUT THIS PROBLEM OF COL. JOHN BARFIELD ON PUTTING ME IN CONFINEMT ON A FALSE D.R. TO KEEP ME FROM FILING MY CIVIL CLAIM ON THESE MATTERS AND INSPECTOR ROSANTE IS AWARE OF THIS MATTER.

I WOULD BE EVER IN YOUR DEBT FOR YOUR DESPRATLY NEEDED ASSISTANCE.

SINCERELY : _Larry Washington_ 10/2/06

LARRY WASHINGTON 66066 1

E4-104-L

Everglades Correctional Institution

PO BOX 949000

MIAMI, FL. 33194-9000

<u>FORGOTTEN POINT OF INTEREST</u> :

ALSO, AS TO ANYONE ASSISTING. IF ANYONE ASSIST'S ME, THEY ARE
SUBJECT TO BEING LOCKED UP IN CONFINEMENT FOR NOT BEING ASSIG-
NED TO ME AS MY ORDERLY. THIS SUBTLE PLAY WAS TO PUT EVEN
MORE RESTRAINTS ON ME. FROM THE FIRST DAY I ARRIVED HERE AT
E.C.I., IT HAS BEEN ONE PROBLEM AFTER ANOTHER WITH DR. ROGER
BROWNE LYING TO STAFF ABOUT HIS FALSE MEDICAL REPORT
OUTSIDE OF MY FINAL DECISION THAT WAS DECIDED BY
A FEDERAL JUDGE (JEROME LOWEN) ON MY CLAIM OF BEING
" FULLY FAVORABLE " IN HIS DECISION. DEPARTMENT OF CORRECTIONS
IS AN AGENCY UNDER FEDERAL LAW THAT SHALL APPLY STATE LAW
FROM THE FOUNDATION OF FEDERAL LAW. THIS ENDOWNMENT IS
UNDER THE PROVISIONS OF THE FLA. STATUTE 20.315 (1),(2),(c).
AT WHICH GOVERNS THE FLORIDA ADMINISTRATIVE CODE (FAC)
OF CHAPTER 33-210.201(1), IN VIOLATIONS OF THIS SECTION
AND VIOLATES ALL OTHER SECTIONS OF ADA PROVISIONS FOR INMATES
OF 42 U.S.C. § 12101-12213. THIS VIOLATES F.S. 944.09 AND
458.04, ALSO 944.331. THE PROCEDURES WERE FULLY CERTIFIED
BY THE FLORIDA STATUTE. THIS IS WHAT STARTED THE GREAT SEVERE
ADA VIOLATION. (1) DR. BROWNE HAS CREATED <del>WHAT</del> " THEY " CALLED, AN
" <u>IMPAIRED BOARD</u> " WITH PEOPLE WHO ARE NOT MEDICALLY QUALIFIED
OR LICENSED AS MEDICAL PROFESSIONALS, AND THIS CLEARLY VIOLATES
THE PRIVACY RIGHTS OF PRISONERS WITH MEDICAL ISSUES IN
HIS MEDICAL FILE (2) THIS GREATLY VIOLATES THE U.S. LEGISLA-
TIVE INTENT UNDER 44 U.S.C. § 1507 OF ALL LAWS ENACTED BY
CONGRESS, OF THE AMERICANS WITH DISABILITIES ACT. (ADA)
AND THE SEPERATION OF POWERS OF CONGRESS AND THE

LEGISLATIVE INTENT OF THE PROVISIONS OF 44 U.S.C. § 1507.
THE RES. JUDICATA BARS DR. BROWNE FROM WHERE THERE IS A PRIOR
JUDGEMENT. WHEN I WAS BROUGHT BEFORE THIS "IMPAIRED BOARD",
THIS VIOLATED MY CONSTITUTIONAL RIGHTS UNDER PESUDO PROCED-
URAL LAW CREATED BY DR. ROBER BROWNE. THIS MATTER ALSO INCLUDES
FORMER SGT. WILLIAMS, WHOM IS NOW THE CLASSIFICATION OFFICER
WHO ASSIGNS "IMPAIRED ORDERLIES". WHOM ALSO WAS SITTING ON
THE "IMPAIRED BOARD". AS OF 9/28/06, I WAS SENDING OUT CERT-
IFIED MAIL AND SETH SPAW WAS LOOKING OVER MY SHOULDER AT THE
NAME OF THE PERSON WHOM I WAS SENDING THE "AMENDED COMPLAINT"
TO AT THE DEPT. OF JUSTICE, F.B.I.. I NOW EXPECT MORE
PROBLEMS. FROM SGT. SPAW ████.

I ALSO HAVE A CASE PENDING IN THE FLA. SUPREME COURT
AND CANNOT GET TO THE LAW LIBRARY NOR MY LEGAL MAIL.
THIS IS A CLEAR DENIAL OF "ACCESS TO COURT" IN THE
SUBTLE DEGREE OF INTENT. AND TO STOP ANY OTHER COMPLAINTS
OF MY PROCEEDING IN THIS SAME DEGREE OF INTENT. BY THE
STAFF HERE AT E.C.I. IN VIOLATIONS OF 33-4.002 (11) -
"NO EMPLOYEE SHALL BE INSUBORDINATE, NEGLECTFUL, OR UNWILLING
TO FOLLOW THE LAWFUL ORDERS OR PERFORM OFFICIALLY DESIGN-
ATED DUTIES."

AGAIN : I THANK YOU SINCERLY

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTION

Mail Number: __EA-__
Team Number: __#2__
Institution: __E.C.I.__

**(Instructions on Back)**

_Attention: Inspector, Ponsante', Third(3d) Emergency Informal Grievance_

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other _Inspector, Ponsante'_ |
|---|---|---|---|---|

| FROM: | Inmate Name _Larry Washington_ | DC Number _660661_ | Quarters _EA-104-L_ | Job Assignment _Houseman_ | Date _10/4/2006_ |
|---|---|---|---|---|---|

**REQUEST** _Inspector, Ponsante'. I was denied access to You Sir!_
On or about 8:45Am or 9:00Am You requested Officer Wilson to send me to your office, But She told inmate Joseph Melendez to tell me She did not know who requested for me. On the Second request you made to E-dorm, She finally told inmate Joseph Melendez that you Inspector, Ponsante' wanted to see me. Inmate Joseph Melendez told Officer Wilson that I was unable to leave the Cell because I am disable. Officer Wilson requested to inmate Joseph Melendez to go and See Officer Hinckley at Center gate and explain the problem, that the Inspector, Ponsante, will request that Medical Send a wheelchair to me to get to my appointment of the Inspector, Ponsante' Inmate Joseph Melendez waited for about an Hour. Then he requested Capt. Jarrest about the matter and he denied all assistant and said I could walk there. At this time Capt. Jarrest came to E-dorm and told me that you Inspector, Ponsante' Said not to send any grievances to you Sir? This is why I could not make my appointment,

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.
_Larry Washington 10/4/2006_

_"With all due respect sir. How is this possible on no response from any complaints?"_

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _10-6-06_

THE REASON YOU WERE CALLED TO BE INTERVIEWED WAS TO EXPLAIN THAT YOUR COMPLAINT IS A MEDICAL ISSUE WHICH NEEDS TO BE ADDRESSED BY THE MEDICAL DEPARTMENT OR THE INSTITUTIONS ADMINISTRATION. CAPTAIN FORREST WAS TOLD SINCE YOU WERE NOT ABLE TO SHOW UP BECAUSE OF YOUR LIMITATIONS TO TELL YOU I WAS RETURNING YOUR COMPLAINT SO YOU CAN ADDRESS YOUR ISSUE W/ THE APPROPRIATE STAFF. YOUR GRIEVANCE IS BEING RETURNED.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _RETURNED_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: _10-6-06_ |
|---|---|---|

Distribution:  White  -Returned to Inmate      Pink  -Retained by official responding, or if the response is to an
              Canary -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

P-2

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTION**

**(Instructions on Back)**

Mail Number: E4-104-Lowe
Team Number: #2
Institution: E.C.I.

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☑ Other<br>Mail Room, Ms. Hall |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Larry Washington | DC Number<br>660661 | Quarters<br>E4-104-L | Job Assignment<br>Houseman | Date<br>10/5/2006 |
|---|---|---|---|---|---|

**REQUEST** Ms. Hall

On 9/28/2006 I sent out certified mail with you. Could you please let me know does the legal mail go out on that "same day" or "the next day", or am or that PM. This request is on knowing the days sending out legal mail and receiving legal mail, to and from Dept of Justice, F.B.I. and the lawyer or paralegal.

Thank you Sincerly
_Larry Washington_  9/5/2006

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    **DATE RECEIVED:** 10/9/06

It went out the next buisness day.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Approved_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _L Hall_                Date: 10/11/06

Distribution:    White    -Returned to Inmate        Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                 informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)