# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY C. WASHINGTON,            ) | |
|           Plaintiff,    ) | |
|           v.            ) | Civil Action No. 06 1977 |
| BROWARD COUNTY SHERIFF'S        ) | |
| DEPARTMENT, *et al.*,           ) | |
|           Defendants.  ) | |

## TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will transfer this action to the United States District Court for the Southern District of Florida.

Plaintiff, an inmate at Florida's Everglades Correctional Institution, alleges, generally, that defendants have failed to accommodate and provide adequate care for his medical disability. Defendants include the Sheriff of Broward County, Fort Lauderdale's Police Department, Florida's Department of Corrections, and a corporation providing medical services to Florida inmates under contract. Plaintiff appears to demand injunctive relief and monetary damages.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff is challenging the actions of Florida agencies, officials, and employees, and a corporation doing business in Florida. Defendant and any possible witnesses in this case likely would be in Florida, which is plaintiff's place of incarceration. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F.Supp.2d at 66. Therefore, in the interests of justice, this action will be transferred.

Accordingly, it is hereby

ORDERED that this civil action be **TRANSFERRED** to the United States District Court for the Southern District of Florida. Resolution of plaintiff's application to proceed *in forma pauperis* is left to the transferee court.

SO ORDERED.

_____
United States District Judge

Date: 11/2/06

-2-